167 S.W.3d 736 (2005)
In the Matter of S.L.N., Plaintiff; M.R.N. and L.N., Respondents,
v.
D.L.N. (Mother), Appellant.
No. WD 64632.
Missouri Court of Appeals, Western District.
June 28, 2005.
Motion for Rehearing and/or Transfer Denied August 2, 2005.
*737 Hugh D. Kranitz, St. Joseph, MO, for Appellant, DLN.
Zel Martin Fischer, Rock Port, MO, for Respondents.
Robert Edward Sundell, Attorney and Guardian for minor.
Before JAMES M. SMART, JR., P.J., RONALD R. HOLLIGER, and LISA WHITE HARDWICK, JJ.
Motion for Rehearing and/or Transfer to Supreme Court Denied August 2, 2005.
PER CURIAM.
D.L.N. (Mother) appeals the judgment terminating her parental rights to her child, S.L.N. She contends that the court erred as a matter of law in failing to consider, evaluate, and make the appropriate statutory findings. The judgment is affirmed.

Statement of Facts
S.L.N. (Child) was born in 1998 to Mother and M.R.N. (Father). Mother and Father divorced less than a year later. The dissolution decree granted joint physical custody, with Mother having the larger share of residential time with Child. In October 2001, after Mother was charged with a felony, Father obtained a judgment that granted him temporary custody. The judgment permitted Mother limited periods of unsupervised visitation with Child. Child, who was then approximately three years old, has lived continuously with Father and his wife (Stepmother) since that time.
Mother pleaded guilty to the felony of "conspiracy to facilitate arson." Mother admitted that she had conspired with her uncle to burn down the home of a man (L.B.) who is the father of Mother's other child, H.B. Mother, Child, H.B., and L.B. previously lived together at the house that was burned. Mother began serving a five-year prison sentence in January 2002, when Child was approximately four years old.
Father filed a motion to modify custody. The court sustained the motion and granted Father sole physical and legal custody. The court ordered Mother to pay $250 per month in child support, effective retroactively. The judgment contained no provision for mandatory visitation while Mother is incarcerated. Visitation with Mother was to be at Father's discretion based on Child's best interests. Mother was permitted restricted telephone access with Child.
In November 2003, Father and Stepmother filed a Petition for Transfer of Custody and Adoption. The petition alleged, in part, that Mother had abandoned and neglected Child and that adoption by Stepmother would be in Child's best interest.
The court held a hearing, at which all parties were present with their respective counsel. In its judgment, the court declared that it had jurisdiction pursuant to Chapter 453. The court found, inter alia, that Mother had "willfully abandoned" Child and had "willfully, substantially, and continuously neglected" to provide Child with necessary care and protection. The court determined that Father and Stepmother are suitable parents and that Child is suitable for adoption. The court concluded that Mother's parental rights should be terminated and that adoption is in Child's best interest.
The judgment terminated Mother's parental rights and granted the stepparent adoption. Mother appeals.

Failure to Make Required Findings
All three of Mother's points relate to the same issue and can be summarized as follows: The trial court misapplied the law in terminating Mother's parental *738 rights in connection with the adoption proceeding by failing to comply with various provisions of section 211.447.[1]
We will sustain the trial court's judgment in an adoption case unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or misapplies the law. In re K.N.H., 118 S.W.3d 317, 319 (Mo.App.2003) (citing Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976)). We defer to the trial court's factual findings and credibility determinations. Id. Whether the court erred in failing to comply with section 211.447 is a question of law, which we examine de novo. See Obermeyer v. Bank of Am., N.A., 140 S.W.3d 18, 22 (Mo. banc 2004).
Chapters 211 and 453 provide two separate means by which a parent's rights may be involuntarily terminated. See Matter of J.F.K., 853 S.W.2d 932, 934 (Mo. banc 1993). Chapter 211 provides for a direct proceeding that usually is brought by the juvenile officer. See id.; but see § 211.447.5 (permitting the court to terminate parental rights based on a Chapter 211 petition brought by a prospective parent in an adoption case). Chapter 453 governs adoptions in Missouri. See In re Adoption of R, 31 S.W.3d 551, 552 (Mo.App.2000). Pursuant to that chapter, prospective adoptive parents may request termination of parental rights incident to an adoption action. See J.F.K., 853 S.W.2d at 934; § 453.040.
Section 211.447 is the provision of Chapter 211 under which a parent's rights may be terminated. Here, Mother specifically argues that the court erred in terminating her parental rights without considering, evaluating, and making findings on the factors set forth in section 211.447.4 as to abandonment and neglect.[2] She makes the same argument with regard to the additional factors set forth in subsections 4-6 of section 211.447.6.[3]
*739 The court made the following relevant findings:
IV. The natural mother of the child ..., immediately prior to the filing of the petition for adoption has for a period of at least six months, willfully abandoned the child.
V. The natural mother of the child ..., immediately prior to the filing of this petition for adoption for a period of at least six months, willfully, substantially and continuously neglected to provide the minor child with necessary care and protection.
VI. In support of terminating the parental rights of [Mother], the Court considered all relevant factors allowed by law and finds as follows:
A. [Child] has no emotional ties to her natural mother....
B. [Mother] has not maintained regular visitation and contact with [Child]. Further, [Mother] had the opportunity to have regular telephone visitation and contact but failed to do so. In fact, [Mother] never called [Child] after April of 2003.
C. [Mother] has not expended any funds nor provided any support for maintenance of [Child] since prior to October 26, 2001. [Mother] is in arrears in child support in the amount of $8,000.00. There was evidence she had a prison job. [Mother] sent [Child] a total of $7.00 as gifts the entire time she has been in prison.
D. [Mother] was convicted of conspiring with her uncle [] to commit an arson that resulted in the former residence of [Child] being totally destroyed.
* * * *
[The court made additional factual findings concerning the specifics of the crime, which we have omitted.]
* * * *
E. The fact is that [Mother] committed substantial steps towards the planning and commission of the arson in the presence of the child and, therefore, [Mother] knew or should have known that doing so created a substantial risk of mental harm to [Child].
F. The Court recognizes but gives little weight to the calls prior to May, 2003, or cards sent during her imprisonment by [Mother] to [Child]. In fact, some of the phone conversations [Mother] had with [Child] after being imprisoned were emotionally abusive to [Child].
The court also made findings regarding the home study and determined that Father and Stepmother would be suitable parents for Child. The court concluded that Mother's parental rights should be terminated and that adoption is in Child's best interest.
*740 Father and Stepmother argue that Chapter 453 governs this adoption case. They say that this is not a termination case filed pursuant to Chapter 211; thus, the court did not misapply the law by not making findings on the factors in section 211.447. Father and Stepmother contend that this case was adjudicated pursuant to section 453.040(7). Under that statute, consent to adopt a child is not required of
[a] parent who has for a period of at least six months ... immediately prior to the filing of the petition for adoption, willfully abandoned the child or, for a period of at least six months immediately prior to the filing of the petition for adoption, willfully, substantially and continuously neglected to provide him with necessary care and protection[.] (Emphasis added.)
The adoption petition pleaded the language of section 453.040(7). It alleged that Mother had for a period of at least six months immediately prior to the filing of the petition "willfully abandoned the child" and for the same period had "willfully, substantially, and continuously neglected to provide the minor child with necessary care and protection." Likewise, the court made similar findings using the same language.[4] The court also specifically found that it had jurisdiction pursuant to Chapter 453 and cited another provision of that chapter in its judgment. Neither the petition nor the judgment refers to any provision of Chapter 211. Thus, we conclude that the trial court terminated Mother's parental rights and granted this adoption on the basis of section 453.040(7).
Subsection (7) of section 453.040 contains no reference to section 211.447 or to any other provision of Chapter 211. Nor does section 211.447 specifically refer to section 453.040(7). The statutes do contain some cross-references. For example, sections 453.040(1) and 453.040(8) were amended in 1998 to include specific references to provisions of Chapter 211.[5] And sections 211.447.5 and 211.447.8 refer, in a general way, to Chapter 453 and adoption petitions.[6] However, none of those cross-references indicates that the findings requirements of section 211.447 apply to section 453.040(7) adoptions.[7]
*741 Mother cites no authority that supports her contention that the court committed reversible error by failing to make every section 211.447 finding. The case that Mother primarily relies upon for support, In the Interest of K.A.W., 133 S.W.3d 1 (Mo. banc 2004), is inapposite. There, the State was seeking a termination of parental rights pursuant to Chapter 211. K.A.W. is not a case, such as we have here, where a prospective adoptive stepparent is seeking termination and adoption under Chapter 453. The same is true of Mother's other cited case, In the Interest of B.S.B., 76 S.W.3d 318 (Mo.App.2002).
Nor have we found any support for Mother's contention. Many cases confirm that a court may grant an adoption without parental consent simply based upon a finding either of "willful abandonment" or "willful, substantial and continuous neglect" by the natural parent, as provided in section 453.040(7). See, e.g., K.N.H., 118 S.W.3d at 320; In re B.S.R., 965 S.W.2d 444, 448 (Mo.App.1998); C.B.L. v. K.E.L., 937 S.W.2d 734, 737 (Mo.App.1996). None of those cases indicates that such a finding also triggers application of the required findings provisions found in section 211.447.
There might be policy reasons to superimpose the provisions of section 211.447 onto section 453.040(7). However, we do not find the expression of any such intent in section 453.040(7). When other provisions of section 453.040 were amended in 1998 to add a specific reference to provisions of Chapter 211, subsection (7) was not so amended. The legislature could have done so had it intended. Mother's points to the contrary are denied.

Findings Not Against the Weight of the Evidence
Mother also contends that the finding of abandonment was "against the weight of the evidence." She did not raise this issue in her point relied on. An argument not raised in the point relied on need not be considered. See Foster v. Foster, 149 S.W.3d 575, 582 (Mo.App.2004); Rule 84.04(e) (argument shall be limited to those errors included in the points relied on). Moreover, Mother has not provided a copy of the hearing transcript. Thus, we are limited in our ability to review her claim. We defer to the trial court's factual findings and credibility determinations in affirming the decision. K.N.H., 118 S.W.3d at 319. Greater deference is granted to a trial court's determinations in custody and adoption proceedings than in other cases. Id. In any event, a finding of neglect, alone, if supported by substantial evidence, will support termination in an adoption case. See id. at 321; B.S.R., 965 S.W.2d at 448. Mother does not argue that the finding of neglect is unsupported by the evidence, nor do we so find.

Conclusion
For the foregoing reasons, the judgment is affirmed.
NOTES
[1] All statutory references are to Revised Statutes of Missouri, 2000, unless otherwise noted.
[2] Section 211.447.4 provides, in relevant part, that the juvenile officer or the division may file a petition to terminate parental rights when it appears that one or more of the following grounds exist:

(1) The child has been abandoned..... The court shall find that the child has been abandoned if, for a period of six months or longer:
(a) The parent has left the child under such circumstances that the identity of the child was unknown and could not be ascertained...; or
(b) The parent has, without good cause, left the child without any provision for parental support and without making arrangements to visit or communicate with the child, although able to do so[.]
(2) The child has been abused or neglected. In determining whether to terminate parental rights pursuant to this subdivision, the court shall consider and make findings on the following conditions or acts of the parent:
(a) A mental condition ...;
(b) Chemical dependency ...;
(c) A severe act ... of physical, emotional or sexual abuse toward the child ...; or
(d) Repeated or continuous failure by the parent, although physically or financially able, to provide the child with adequate food, clothing, shelter, or education as defined by law, or other care and control necessary for the child's physical, mental, or emotional health and development[.] (Emphasis added.)
[3] Section 211.447.6 provides that when considering whether to terminate the parent-child relationship, the court shall evaluate and make findings on the following factors, when appropriate and applicable to the case:

(1) The emotional ties to the birth parent;
(2) The extent to which the parent has maintained regular visitation or other contact with the child;
(3) The extent of payment by the parent for the cost of care and maintenance of the child when financially able to do so ...;
(4) Whether additional services would be likely to bring about lasting parental adjustment enabling a return of the child to the parent within an ascertainable period of time;
(5) The parent's disinterest in or lack of commitment to the child;
(6) The conviction of the parent of a felony offense that the court finds is of such a nature that the child will be deprived of a stable home for a period of years; provided, however, that incarceration in and of itself shall not be grounds for termination of parental rights;
(7) Deliberate acts of the parent or acts of another of which the parent knew or should have known that subjects the child to a substantial risk of physical or mental harm.
Mother acknowledges that the court made findings on the factors listed in section 211.447.6(1-3) and (7). She complains, however, that the court should have made findings as to every listed factor because each was "clearly relevant and appropriate."
[4] Some of the court's findings naturally are similar to those in section 211.447 because that statute and section 453.040(7) use similar language in discussing abandonment and neglect. See §§ 211.447.4(1)(b) & 211.447.4(2)(d); see also In re P.G.M., 149 S.W.3d 507, 514 (Mo.App.2004).
[5] Under section 453.040(1), consent is not required of a parent whose rights have been terminated pursuant to sections 211.444 or 211.447. Subsection (8) provides that consent is not required of a parent "whose rights ... may be terminated for any of the grounds set forth in section 211.447 ... and whose rights have been terminated after hearing and proof[.]" § 453.040(8). That subsection also states that such a termination petition "may be filed as a count in an adoption petition."
[6] Section 211.447.5 states that the juvenile court may terminate parental rights when a prospective parent files the petition in an adoption case if the court finds that it is in the child's best interest and when it appears by "clear, cogent and convincing evidence that grounds exist for termination" pursuant to the subsections of § 211.447. Section 211.447.8 provides that in adoption actions filed pursuant to chapter 453, the court may hear and determine the issues raised in an adoption petition containing a prayer for termination "filed with the same effect as a petition permitted pursuant to subsection 2, 3 or 4 of this section."
[7] In 1997, numerous statutes dealing with adoption, including sections 453.040 and 211.447, were repealed and replaced with new versions of the same, pursuant to House Bill No. 343. 1997 Mo. Laws 1122, 89th General Assembly; see generally, Shawn R. McCarver, Adoptions in Missouri after House Bill 343, 54 J.MO.BAR 74 (1998). Section 1 of that bill, codified at section 453.012, states that "the provisions of [all those revised statutes] shall apply to petitions for adoption filed on or after August 28, 1997." We have found no Missouri cases citing section 453.012, but it seems to indicate only that the new versions of those statutes would become effective on or after that date. There is no indication that it was intended to make all the requirements of all those statutes (including section 211.447) applicable to all Chapter 453 adoptions.