336 S.W.3d 516 (2011)
In re the Matter of the ADOPTION OF: H.D.J.K.
L.M., Respondent,
v.
K.K. (Natural Mother), Appellant.
No. WD 72885.
Missouri Court of Appeals, Western District.
March 29, 2011.
*517 Deanne Hackman, Macon, MO, for Appellant.
Mary J. Browning, Jefferson City, MO, for Respondent.
Joshua W. Meisner, Macon, MO, Guardian ad litem.
Before Division I: MARK D. PFEIFFER, Presiding Judge, and THOMAS H. NEWTON and ALOK AHUJA, Judges.
MARK D. PFEIFFER, Presiding Judge.
K.K. ("Mother") appeals the judgment from the Circuit Court of Macon County ("trial court") terminating her parental rights to her child, H.D.J.K.[1] ("Child"), and granting L.M.'s petition to adopt Child. We affirm.

Background[2]
Viewing the evidence in the light most favorable to the judgment, the evidence adduced at trial was that while Mother was still pregnant with Child, she used, thereby exposing Child to, marijuana, Vicodin, alcohol, tobacco, and amphetamines. Mother gave birth to Child on December 27, 2004. Child was immediately placed under the jurisdiction of the juvenile court of Macon County. Child left the hospital two days later under the care of a foster mother. On January 5, 2005, Mother was arrested for possession of a controlled substance. At the time of this arrest, Mother had pending charges for possession of a controlled substance and unlawful use of drug paraphernalia, stemming from an arrest on September 15, 2004. Mother entered a plea of guilty to all three charges and was incarcerated in the Missouri Department of Corrections ("DOC") on February 1, 2005.
Shortly after Mother's incarceration on February 1, Child was placed in the custody of M.P., Mother's sister ("Aunt"). However, on March 20, 2005, L.M. began babysitting Child, and by April 20, 2005, L.M. had become Child's informal full-time care provider. On October 26, 2005, L.M. became Child's formal care provider. She was recognized as his kinship provider and completed training to be a licensed foster parent. L.M. provided for Child until October 2007, when Mother was released from incarceration and completed all of the tasks that were required of her by the Children's Division. Child was placed in Mother's custody for a trial home placement, *518 and after success with the trial home placement, Mother regained legal custody of Child in January 2008.
Shortly after Mother regained custody, Child was found wandering, alone, at a mini-mart store some distance from Mother's home. On March 16, 2008, Mother was arrested for driving while intoxicated, charged as a persistent offender, and eventually convicted of the alcohol offense. Parole was revoked on Mother's earlier convictions and, on April 11, 2008, she was re-incarcerated. Following Mother's incarceration, the probate division held a contested hearing for guardianship of Child between L.M. and Child's maternal grandparents. On August 11, 2008, L.M. was awarded guardianship of Child.
On August 20, 2009, a year after being awarded guardianship, L.M. filed a Petition for Termination of Parental Rights and Adoption (the "Petition"). The trial court held a hearing on the Petition on June 21, 2010, and on July 15, 2010, the trial court entered a Judgment and Decree of Adoption in favor of L.M. The trial court determined, inter alia, that Mother had, for a period of at least six months immediately prior to the filing of the petition for adoption, willfully abandoned Child and willfully, substantially, and continuously neglected to provide Child with necessary care and protection. The trial court also found that the termination of Mother's parental rights was in the best interest of Child. Mother timely appealed.

Standard of Review
This court reviews whether clear, cogent, and convincing evidence was presented to support a statutory ground for terminating parental rights under Murphy v. Carron, 536 S.W.2d 30 (Mo. banc 1976). In re C.M.B.R., 332 S.W.3d at 815-16 (citing In the Interest of P.L.O., 131 S.W.3d 782, 788 (Mo. banc 2004)). Accordingly, we will sustain the trial court's judgment in an adoption/termination case unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. Murphy, 536 S.W.2d at 32; M.R.N. v. D.L.N. (In re S.L.N.), 167 S.W.3d 736, 738 (Mo.App. W.D.2005). We give great deference to the trial court's determinations in an adoption proceedingincluding assessment of the evidence presented and credibility of that evidence. In re C.M.B.R., 332 S.W.3d at 815-16. We will reverse "`only if we are left with a firm belief that the order is wrong.'" Id. (quoting Mo. Dept of Soc. Servs., Div. of Family Servs. v. T.H., Jr. (In the Interest of S.M.H.), 160 S.W.3d 355, 362 (Mo. banc 2005)).

Discussion
Chapters 211 and 453[3] provide two separate means by which parental rights may be involuntarily terminated. In re S.L.N., 167 S.W.3d at 738. Chapter 453[4] governs adoption proceedings in Missouri. Id. Pursuant to chapter 453, prospective adoptive parents may request termination of *519 parental rights incident to the adoption action. Id.; see also In re C.M.B.R., 332 S.W.3d at 806 ("Chapter 453 does not speak to termination of parental rights; rather, it authorizes adoption without consent or with consent that has the effect of terminating parental rights."). Chapter 211[5] is primarily used by the Division of Children's Services or the juvenile courts, but can be used by prospective adoptive parents, to take children into protective custody and terminate parental rights. In re C.M.B.R., 332 S.W.3d at 806-07. Furthermore, "[u]nlike chapter 453, which only discusses the best interest of the child in the construction of its provisions, chapter 211 requires a court to consider and protect both the best interest of the child and the constitutional rights of all the parties when construing its termination of parental rights provisions." Id. at 807.
The Missouri Supreme Court has recently explained the interaction of chapter 211 and chapter 453 in the context of adoption proceedings:
When a person alleges that consent of the parent is not required for the adoption under section 453.040, the statutory mandates of chapter 211 are irrelevant to the chapter 453 proceeding unless specifically cross-referenced and mandated by chapter 453. However, if the prospective parents plead termination of parental rights under chapter 211 in a chapter 453 petition, all statutory requirements for chapter 211 must be met for each chapter 211 claim.
Id. at 807 (internal citations omitted). Clearly, the findings requirements of section 211.447 do not apply to section 453.040(7) adoptions when section 211.447 is not pleaded:
Many cases confirm that a court may grant an adoption without parental consent simply based upon a finding either of "willful abandonment" or "willful, substantial and continuous neglect" by the natural parent, as provided in section 453.040(7). None of those cases indicates that such a finding also triggers application of the required findings provisions found in section 211.447.
In re S.L.N., 167 S.W.3d at 741 (internal citations omitted).
On appeal, Mother argues that the trial court erred in ruling that she willfully abandoned Child because the trial court lacked clear, cogent, and convincing evidence that she had not maintained consistent and repeated contact with Child and had not provided financial support for Child within the six months immediately prior to the filing of the Petition. Mother further alleges that the trial court erred *520 when ruling that termination of her parental rights was in the best interest of Child without making specific statutory findings to support this ruling.[6] In each of her claims of error on appeal, Mother presupposes the applicability of section 211.447 to the underlying adoption proceeding. However, the record reveals that the Petition pleaded the language of section 453.040(7):
6. [Mother] has, for a period of at least six months immediately prior to the filing of the petition for adoption, willfully abandoned [Child] or, for a period of at least six months immediately prior to the filing of the petition for adoption, willfully, substantially and continuously neglected to provide [Child] with necessary care and protection[.]
Likewise, the trial court made similar findings using the language of section 453.040(7):[7]
20. [Mother] has, for a period of at least six months immediately prior to the filing of the petition for adoption, willfully abandoned [Child];
. . . .
29. [Mother] has, for a period of at least six months immediately prior to the filing of the petition for adoption, willfully, substantially and continuously neglected to provide [Child] with necessary care and protection[.]
And while the trial court did not specifically mention chapter 453 in its judgment, it issued a "Judgment and Decree of Adoption," not a "Judgment Terminating Parental Rights." Furthermore, neither the Petition nor the Judgment and Decree of Adoption refer to any provision of chapter 211. See In re S.L.N., 167 S.W.3d at 740. Thus, we conclude that the trial court terminated Mother's parental rights and granted this adoption on the basis of section 453.040(7).
Because section 211.447 is inapplicable to this appeal, Mother's arguments lack any legal authority supporting her appeal. However, because Mother essentially challenges the sufficiency of the evidence, and because the standard of review and the standard of proof for actions arising under sections 211.447 and 453.040(7) are the same, we exercise our discretion to evaluate the merits of the error claimed. In re C.M.B.R., 332 S.W.3d at 808-09 ("Despite the failure to raise the issue, this Court in its discretion, may review these claims for plain error.").
Mother claims there was insufficient evidence to conclude that she had not maintained consistent contact with Child and had not provided financial support for Child, which conclusion resulted in a finding that she had willfully abandoned Child. Mother's argument ignores the disjunctive nature of section 453.040(7). The trial court need only find that Mother, for the six-month period immediately preceding the filing of the Petition, "willfully abandoned" or "willfully, substantially and continuously neglected" Child. § 453.040(7). In this case the trial court found that Mother had willfully abandoned Child and willfully, substantially, and continuously neglected Child. Even if we were to assume *521 that Mother's allegations were correct and that the trial court in fact lacked clear, cogent, and convincing evidence to find willful abandonment, Mother does not assert error in the trial court's finding of neglect.[8] As we have previously said:
To reverse the circuit court's judgment,. . . [appellant] would necessarily have to establish that all of the reasons that the circuit court articulated in its judgment were wrong. This is because, even if we agreed with [appellant] that the circuit court erred in making th[e] two conclusions [which appellant challenges], we would have no choice but to presume, in the absence of arguments to the contrary, that the circuit court's three [additional] reasons for denying [appellant's] petition were correct. . . . Thus, by failing to assert that all of the circuit court's grounds were incorrect, [appellant has] failed to carry [her] burden on appeal of establishing that the circuit court erred in denying [her] petition.
City of Peculiar v. Hunt Martin Materials, LLC, 274 S.W.3d 588, 591 (Mo.App. W.D.2009) (citations omitted).
We refuse to supplement Mother's argument any further. Mother has not claimed error sufficient to undermine the validity of the Judgment and Decree of Adoption. Therefore, Mother's points raised on appeal are denied, and the judgment of the trial court is affirmed.
THOMAS H. NEWTON, Judge, and ALOK AHUJA, Judge, concur.
NOTES
[1] Pursuant to section 566.226, RSMo Cum. Supp.2010, we shall refer to the parties by their initials in order to protect their identity.
[2] On appeal, we view the evidence and permissible inferences drawn therefrom in the light most favorable to the judgment. S.M. v. E.M.B.R. (In re Adoption of C.M.B.R.), No. SC 91141, 2011 WL 265325, at *1 (Mo. banc Jan.25, 2011).
[3] All statutory references are to RSMo 2000, as amended by the Cumulative Supplements, unless otherwise indicated.
[4] Section 453.040(7) provides, in relevant part:

The consent to the adoption of a child is not required of:
. . . .
(7) A parent who has for a period of at least six months . . . immediately prior to the filing of the petition for adoption, willfully abandoned the child or, for a period of at least six months immediately prior to the filing of the petition for adoption, willfully, substantially and continuously neglected to provide him with necessary care and protection[.]
(Emphasis added.)
[5] Section 211.447.5 provides, in relevant part, that:

The juvenile officer or the division may file a petition to terminate parental rights when it appears that one or more of the following grounds for termination exist:
(1) The child has been abandoned . . . . The court shall find that the child has been abandoned if, for a period of six months or longer:
. . . .
(b) The parent has, without good cause, left the child without any provision for parental support and without making arrangements to visit or communicate with the child, although able to do so;
(2) The child has been abused or neglected. In determining whether to terminate parental rights pursuant to this subdivision, the court shall consider and make findings on the following conditions or acts of the parent:
. . . .
(d) Repeated or continuous failure by the parent, although physically or financially able, to provide the child with adequate food, clothing, shelter, or education as defined by law, or other care and control necessary for the child's physical, mental, or emotional health and development[.]
(Emphasis added.)
[6] See section 211.447.7:

When considering whether to terminate the parent-child relationship pursuant to subsection 2 or 4 of this section or subdivision (1), (2), (3) or (4) of subsection 5 of this section, the court shall evaluate and make findings on the following factors, when appropriate and applicable to the case. . . .
[7] Some of the trial court's findings naturally are similar to those in section 211.447 because that statute and section 453.040(7) use similar language in discussing abandonment and neglect. See §§ 211.447.5(1)(b) & 211.447.5(2)(d). In re S.L.N., 167 S.W.3d at 740 n. 4.
[8] However, we do in fact believe the trial court was presented with clear, cogent, and convincing evidence of willful abandonment. Mother never sent any cards, letters, or mail of any type to Child while he lived with L.M. Mother made no telephone calls to Child. Mother failed to contact Child at any time while he was in the custody of L.M. During the twelve months preceding the filing of L.M.'s Petition, Mother's parents arranged two visits between Mother and Child at the prison. Mother was ordered to pay $1.00 per month for Child's support while she was incarcerated. Mother failed to pay any money for Child's support, either during or after her incarceration.