**CITY OF PECULIAR, Missouri and John Bockelman, Appellants,**

v.

**HUNT MARTIN MATERIALS, LLC, Respondent.**

No. WD 69570.

Missouri Court of Appeals, Western District.

Jan. 13, 2009.

Steven E. Mauer and Megan J. Redmond, Kansas City, MO, for appellant.

Robert Kent Sellers and Roland B. Miller, III, Kansas City, MO, for respondent.

RONALD R. HOLLIGER, Presiding Judge.

The City of Peculiar (City) and John Bockelman (Bockelman) appeal the circuit court's judgment denying their petition seeking a declaratory judgment that Hunt Martin Materials, LLC, (Hunt Martin) was operating Peculiar Quarry without a special use permit. Because City and Bockelman fail to challenge all of the circuit court's grounds for denying their petition, they have shown no prejudice, and the judgment is, therefore, affirmed.

## Factual and Procedural Background

In the early 1990s, Martin Marietta, LLC, purchased Peculiar Quarry, which is located north of the town of Peculiar, in Cass County. Martin Marietta began operations at the Peculiar Quarry, and on September 11, 1997, Cass County issued Martin Marietta a special use permit to conduct quarry operations on a portion of land near its original quarry operation. In 2005, Martin Marietta and Hunt Midwest Enterprises formed Hunt Martin to operate some of their interests in their quarries.

In April 2007, City and Bockelman, an adjacent landowner to Peculiar Quarry, filed a petition for a declaratory judgment in the circuit court of Cass County. They alleged that Martin Marietta had transferred its quarry operation at Peculiar Quarry to Hunt Martin and that Hunt Martin was operating the quarry without a special use permit. In the petition, City and Bockelman conceded that Cass County had granted Martin Marietta a special use permit, but they maintained that Martin Marietta was not authorized to transfer that permit to Hunt Martin. After a bench trial, the circuit court denied City's and Bockelman's petition. This appeal follows.

## Analysis

City and Bockelman raise two points on appeal. In their first point, City and Bockelman claim that the circuit court erred in denying their petition on the basis that *res judicata* and collateral estoppel barred their claims because the issues presented in their petition had never been fully litigated by these parties. In their

second point, City and Bockelman claim that the circuit court erred in denying their petition on the basis that Hunt Martin had a valid special use permit to operate Peculiar Quarry because that permit was issued to Martin Marietta and was non-transferable.

■ These two points, however, do not address all of the circuit court's reasons for denying City's and Bockelman's petition. In denying their petition, the circuit court concluded that:

1. Martin Marietta is legally operating on the portion of the Peculiar quarry subject to the 1997 SUP.

2. The majority of the quarrying operations at the Peculiar Quarry are conducted on grandfathered land that is not subject to Cass County Zoning Ordinance or the restrictions in the 1997 SUP. The Court finds that these quarrying operations qualify as a non-conforming use of land which lawfully existed prior to the enactment of the Cass County Zoning Ordinance and the 1997 SUP, and that quarrying operations have been maintained after the effective date of the Ordinance and the SUP. . . . As a result, the majority of the quarry constitutes a vested right which the Cass County Zoning Ordinance and 1997 SUP may not abrogate.

3. On December 11, 2007, the Court of Appeals denied Plaintiffs' Motion to Dismiss the SUP appeal, which raised the same arguments concerning the effect of the Hunt Martin Transaction as Plaintiffs assert here. In light of the Court of Appeals' ruling, Plaintiffs' attempt to relitigate these same issues in this action [is] barred by collateral estoppels and res judicata. . . .

4. The 1997 SUP held by Martin Marietta for a portion of the Peculiar Quarry does not need to be transferred from Martin Marietta to Hunt Martin.

5. Even if Hunt Martin is construed to be operating the Peculiar Quarry, it could do so under the 1997 SUP, and there is no need for Martin Marietta to transfer the 1997 SUP to Hunt Martin.

6. This Court recognizes that, under a special use permit, the focus is on the nature of the use, not the identity of the user. The SUP states that it is issued specifically to Martin Marietta and is nontransferable. The Court finds that these restrictions relate to the identity of the owner or the operator, have no basis in Cass County's Zoning Ordinance, and thus are invalid and unenforceable restrictions because they do not substantially relate to the use of the land.

Thus, the circuit court's judgment denied City's and Bockelman's petition for five reasons: (1) Martin Marietta, not Hunt Martin, was operating Peculiar Quarry; (2) even if Hunt Martin was operating the quarry, it did not need a special use permit because it was operating on land that was not subject to the Cass County Zoning Ordinance; (3) City's and Bockelman's petition was barred by collateral estoppel and *res judicata*; (4) Martin Marietta's 1997 Special Use Permit allowed Hunt Martin to operate Peculiar Quarry, and the permit did not need to be transferred; and (5) the 1997 Special Use Permit was legally transferable.

City's and Bockelman's points on appeal attack only two of the circuit court's five grounds for denying their petition for a declaratory judgment. Specifically, City's and Bockelman's claims attack only the circuit court's determination that their petition was barred by collateral estoppel and *res judicata* and that the circuit court's determination that the 1997 Special Use Permit was legally transferable. City's and Bockelman's points do not attack the circuit court's three other grounds

for denying their petition. To reverse the circuit court's judgment, however, City and Bockelman would necessarily have to establish that all of the reasons that the circuit court articulated in its judgment were wrong. *Sieg v. Sieg,* 255 S.W.3d 20, 22 (Mo.App. W.D.2008). See also *City of Lee's Summit v. Browning,* 722 S.W.2d 114, 115 (Mo.App. W.D.1986) (holding that where no attack was made on nuisance finding, court need not consider arguments made about separate zoning finding); *Kratky v. Musil,* 969 S.W.2d 371, 376–77 (Mo.App. W.D.1998) (where appellant did not attack all findings of trial court finding no fraud the omission was fatal). This is because, even if we agreed with City and Bockelman that the circuit court erred in making those two conclusions, we would have no choice but to presume, in the absence of arguments to the contrary, that the circuit court's other three reasons for denying their petitions were correct. Alleged errors by the trial court must be prejudicial and affect the merits of the action. Rule 84.13(b). Thus, by failing to assert that all of the circuit court's grounds were incorrect, City and Bockelman have failed to carry their burden on appeal of establishing that the circuit court erred in denying their petition. *Id.*

■ In their reply brief, City and Bockelman concede that they did not raise the claim that the circuit court erred in denying their petition on the ground that Martin Marietta operated Peculiar Quarry. They claim, however, the circuit court never made this conclusion.

There are two problems with City's and Bockelman's argument. First, even if they are correct that the circuit court never concluded that Martin Marietta was operating the Peculiar Quarry, they still failed to address two of the circuit court's grounds for denying their petition. Specifically, City and Bockelman have still failed to address the circuit court's conclusions that even if Hunt Martin was operating the quarry, it did not need a special use permit because it was operating on land that was not subject to the Cass County Zoning Ordinance, and that Martin Marietta's special use permit allowed Hunt Martin to operate Peculiar Quarry, and the permit did not need to be transferred.

Second, City and Bockelman are wrong in their assertion that the circuit court never held that Martin Marietta was operating Peculiar Quarry. As we noted above, the circuit court's first conclusion of law stated that "Martin Marietta is legally operating on the portion of the Peculiar quarry subject to the 1997 SUP." Furthermore, in its findings of fact, the circuit court found that "Martin Marietta has continually run the Peculiar quarry from the time it was purchased in the early 1990's to the present time." Thus, it is clear to us that the circuit court denied City's and Bockelman's petition because it found that Martin Marietta was operating Peculiar Quarry.

In making their argument in their reply brief, City and Bockelman ignore the clear language of this finding and conclusion. Instead, they point to the circuit court's other conclusions in which it stated that Hunt Martin was operating Peculiar Quarry. For example, they point out that the circuit court concluded that:

> 5. Even if Hunt Martin is construed to be operating the Peculiar Quarry, it could do so under the 1997 SUP, and there is no need for Martin Marietta to transfer the 1997 SUP to Hunt Martin.
>
> . . . .
>
> 7. Even if Hunt Martin is construed to be operating the Peculiar Quarry, as the property owner, Martin Marietta is fully entitled to hold the 1997 SUP for the quarrying operating on the property.

They claim that these findings would have been unnecessary if the circuit court had ruled that Martin Marietta was the operator of Peculiar Quarry. Thus, they conclude that since the circuit court did make these findings, it is obvious that the circuit court never held that Martin Marietta was the operator.

City and Bockelman are correct that the circuit court made these findings. It is obvious to us, however, that by prefacing these conclusions with the introductory phrase "even if Hunt Martin," the circuit court was merely making alternative conclusions of law. In other words, the circuit court was stating that even if its factual determination that Martin Marietta was operating Peculiar Quarry was incorrect because Hunt Martin was operating the quarry, City's and Bockelman's claims would fail. The circuit court was free to make alternative conclusions. City and Bockelman, therefore, are incorrect in their assertion that the circuit court never concluded that Martin Marietta was operating Peculiar Quarry. Since City and Bockelman failed to address three of the five grounds that the circuit court used to deny its petition, they have demonstrated no prejudicial error, and we must affirm the judgment.

LISA WHITE HARDWICK, Judge, and JAMES E. WELSH, Judge, concur.