**PERCY'S HIGH PERFORMANCE, INC., a Missouri Corporation, Plaintiff–Respondent,**

v.

**David L. KROUGH and Debra L. Baker, Defendants– Appellants.**

**No. SD 32121.**

Missouri Court of Appeals, Southern District, Division Two.

Oct. 25, 2013.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 19, 2013.

Application for Transfer Denied Feb. 4, 2014.

578

Gene A. Hilton, Camdenton, MO, for Appellant.

W. Gary Drover, Richard L. Rollings Jr., Camdenton, MO, for Respondent.

**MARY W. SHEFFIELD J.**

David L. Krough ("Krough") and Debra L. Baker ("Baker")[1] appeal from a judgment in favor of Percy's High Performance, Inc. ("Percy's"). In four points, Krough and Baker challenge the trial court's award of actual damages for breach of contract. Percy's has filed a motion requesting reasonable attorney's fees incurred in conjunction with this appeal. Finding no merit in any of Krough and Baker's points, we affirm the judgment of the trial court. Furthermore, we grant Percy's motion for attorney's fees, and remand for a hearing to determine a reasonable amount of attorney's fees.

### Standard of Review

In a court-tried case, we will affirm the judgment of the trial court unless there is no evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *McCullough v. Doss*, 318 S.W.3d 676, 678 (Mo. banc 2010). "[T]his court is to exercise its power to set aside a judgment on the ground it is against the weight of the evidence with caution and with a firm belief that the judgment is wrong." *Gilmartin Bros., Inc. v. Kern*, 916 S.W.2d 324, 328 (Mo.App.E.D.1995).

---

1. Ms. Baker is also referred to as Ms. Krough during the trial. No disrespect is intended by referring to her as Ms. Baker ("Baker").

### *Factual and Procedural Background*

On March 1, 2008, Krough and Baker entered into a "CONTRACT FOR DEED" ("the Contract") with Percy's for the purchase of property in Osage Beach, Missouri. Jeff Percival ("Percival"), Percy's owner and president, negotiated the agreement on behalf of Percy's. Based on a July 3, 2007 appraisal, Percy's had listed the property at $365,000. The final agreed selling price was $305,000. Under the Contract, Krough and Baker agreed to pay $1,000 at the time of signing. The Contract further provided Krough and Baker would make monthly interest payments of $1,710 from April 1, 2008, through October 1, 2009. On October 1, 2009, the remaining balance of $304,000 was due.

Krough and Baker took possession of the home after signing the Contract. Before October 1, 2009, Krough contacted Percival and expressed concern about Krough and Baker's ability to obtain financing. Percival referred Krough to multiple banks to help Krough and Baker obtain financing. Krough believed he could obtain better financing through State Farm because Krough and Baker had a past affiliation with State Farm. State Farm conducted an independent appraisal and valued the property at $235,000 as of October 5, 2009. On the basis of the low appraisal, State Farm denied Krough and Baker's application for a loan. Krough and Baker did not make the $304,000 payment due on October 1, 2009.

On November 6, 2009, Percy's sent a "Notice of Failure to Cure" to Krough and Baker. The notice informed Krough and Baker they were in default on the Contract and had the right to cure by paying $305,710—the $304,000 balloon payment plus $1,710 interest—within fifteen days.

In mid-November 2009, Krough and Baker vacated the property. Percy's took possession of the home to "try to take care of the property[.]" On December 10, 2009, Percy's sent a letter to Krough and Baker requesting prorated rent for the month of November. Krough told Percival he and Baker were not going to pay the rent demand.

In December 2009, Percy's placed a "For Sale" sign on the property. Percy's also contracted with a real estate auction company to auction the property. An auction was held in May, 2010, but the property did not receive any bids.

On June 24, 2010, Percy's sent Krough and Baker another letter in an effort to resolve the matter. In response, Krough left Percival a voicemail reiterating that he and Baker had difficulty obtaining financing.

On September 2, 2010, Percy's filed a petition against Krough and Baker. In the petition, Percy's sought the full balance of the purchase price as damages. Percy's did not plead a count in specific performance and did not allege it had no adequate remedy at law. Krough and Baker filed an answer and asserted as affirmative defenses that Percy's had cancelled the Contract and that Percy's had misrepresented the value of the property. Following a bench trial, the trial court found Krough and Baker had breached the Contract and entered judgment in favor of Percy's. It awarded $69,000 in damages, calculated as the difference between the amount owed on the Contract ($304,000) and the State Farm appraisal ($235,000). The trial court also awarded Percy's $8,000 in attorney's fees. Krough and Baker appeal.

### *Discussion*

Krough and Baker raise four points on appeal challenging the trial court's award of damages. For ease of analysis, we ad-

dress Point I and Point II together before addressing the remaining points.

### Points I & II: Invited Error

In Point I, Krough and Baker argue the trial court erred in awarding Percy's actual damages because the Contract did not provide a damage remedy. In support, they suggest the provision of the Contract under which Percy's sought relief provided for specific performance. In Point II, Krough and Baker argue the trial court erred in awarding actual damages because Percy's petition requested specific performance. Both points fail because at trial Krough and Baker objected to any evidence supporting an award of specific performance.

The following additional facts are relevant to the resolution of these two points. During Percival's testimony at trial, Percy's attorney asked whether Percival was seeking specific performance of the contract. Krough and Baker's attorney objected. He argued evidence supporting a plea for specific performance was outside the scope of the pleadings. Percy's attorney rephrased the question to Percival as follows: "on behalf of Percy's, do you remain ready, able and willing to convey a warranty deed as soon as the $304,000.00, plus interest, is paid?" Krough and Baker's attorney objected again on the same grounds. Percy's attorney replied, "I don't think that question is outside the scope of the pleading. Asked for the damages. Once he got the damages then he's obligated to deliver the deed." The trial court overruled the objection and allowed Percival to testify he was willing to convey the deed if he received the full amount due on the Contract.

As this exchange demonstrates, by objecting to the evidence regarding the remedy of specific performance, Krough and Baker invited the errors of which they now complain in Point I and Point II. "The general rule of law is that a party may not invite error and then complain on appeal that the error invited was in fact made." *Pierson v. Kirkpatrick*, 357 S.W.3d 293, 299 (Mo.App.S.D.2012) (quoting *Lau v. Pugh*, 299 S.W.3d 740, 757 (Mo.App.S.D. 2009)). That is, parties are bound by the positions they took at trial, and cannot obtain relief on appeal based on an error in which, by their own conduct, they joined or acquiesced. *Howsmon v. Howsmon*, 77 S.W.3d 752, 757 (Mo.App.S.D.2002). Here, by objecting to evidence that would support a claim for specific performance, Krough and Baker led the court into crafting a damages remedy. They cannot now argue on appeal that the action of awarding damages was erroneous.

Point I and Point II are denied.

### Point III: Weight of the Evidence of Damages

In Point III, Krough and Baker assert that the trial court's award of damages was against the weight of the evidence because Percy's did not present evidence of actual damages. Specifically, they suggest that (1) the trial court was bound by the evidence of the value of the property presented through Percival's testimony and (2) the appraisal Krough and Baker presented at trial could not be considered because no appraiser testified to that value. These arguments are without merit.

Generally speaking, "[a] seller's measure of damages for a buyer's breach of contract for the sale of land with a structure on it is the difference between the purchase price and the fair market value of the property on the date of breach." *Crabby's Inc. v. Hamilton*, 244 S.W.3d 209, 217 (Mo.App.S.D.2008). "Conflicts in the evidence concerning real estate

values are for resolution by the fact finder." *Id.* "It is sufficient if the value set by the fact finder is 'within the range' of the evidence." *Id.* (internal citation omitted).

At trial, an appraisal, offered into evidence by Krough and Baker, showed the value of the home on October 5, 2009, was $235,000. The trial court subtracted that amount from the contract price to obtain the amount of damages. Thus, the amount of damages was within the range of the evidence presented to the trial court.

Krough and Baker's first argument in support of their conclusion to the contrary relies on testimony from Percival that he had a recent appraisal showing a value of $335,000. This argument ignores our standard of review. As stated above, it is the trial court's obligation to resolve conflicts in the evidence. *Id.* We will not second-guess the trial court's resolution of that conflict.

▮ Krough and Baker also suggest, without citation to authority, that the evidence was not probative because no appraiser testified to either value. This argument misses the mark. Both appraisals were prepared by professional appraisers. The fact that the people who conducted those appraisals did not testify at trial presents a hearsay issue, not an issue of the sufficiency of the evidence to support the trial court's ruling. "Hearsay admitted without objection may be considered as evidence by the trier of fact." *In re Adoption of C.M.B.R.*, 332 S.W.3d 793, 815 (Mo. banc 2011).

Point III is denied.

### Point IV: Weight of the Evidence of Affirmative Defenses

In Point IV, Krough and Baker assert that the trial court's judgment was against the weight of the evidence because the evidence supported a finding that Percy's had terminated and cancelled the Contract. This argument ignores the standard of review.

▮ In determining how the standard of review operates in any particular case, we must first determine which party bore the burden of proof at trial. *Pearson v. Koster*, 367 S.W.3d 36, 43 (Mo. banc 2012). Cancellation or termination of a contract is an affirmative defense in an action for breach of contract. *Weltscheff v. Medical Center of Independence, Inc.*, 597 S.W.2d 871, 878 (Mo.App.W.D.1980). "Defendants carry the burden of proof on all affirmative defenses." *TA Realty Associates Fund V, L.P. v. NCNB 1500, Inc.*, 144 S.W.3d 343, 347 (Mo.App.E.D.2004). Thus, as the defendants, Krough and Baker bore the burden of proving cancellation.

▮ "Generally, the party not having the burden of proof on an issue need not offer any evidence concerning it." *White v. Director of Revenue*, 321 S.W.3d 298, 305 (Mo. banc 2010) (quoting *Stiff v. Stiff*, 989 S.W.2d 623, 628 (Mo.App.S.D. 1999)). Thus, "[i]f the trier of fact does not believe the evidence of the party bearing the burden, it can properly find for the other party." *Id.*

▮ Here, the trial court found the testimony of Krough and Baker was not credible. As Krough and Baker bore the burden of proof on their affirmative defenses, the trial court's failure to believe their evidence was sufficient to support a judgment in favor of Percy's on those issues. *Id.*

Point IV is denied.

### Attorney's Fees

One additional matter requires our attention. Prior to submission of the case in this Court, Percy's filed a motion for attorney's fees incurred in conjunction with this

appeal pursuant to our Special Rule 14.[2] Percy's motion has merit.

 "Attorney fees may be awarded on appeal if they are based on a written agreement that is the subject of the issues presented on appeal." *SE Co–Op Serv. Co. v. Hampton*, 263 S.W.3d 689, 696 (Mo.App.S.D.2008) (quoting *American Nat. Ins. Co. v. Noble Commc'ns Co., Inc.*, 936 S.W.2d 124, 134 (Mo.App.S.D.1996)). The Contract specifically provides that in the event of a breach by the buyer, the seller may collect reasonable attorney's fees. Furthermore, the trial court awarded attorney's fees for the work provided at trial, and Krough and Baker do not contest the propriety of that award on appeal. Percy's motion is granted.

 Although we have the expertise to fix attorney fees on appeal, "the trial court is in a much better position to hear evidence and argument on this issue and make a determination of the reasonableness of the requested fees and costs[.]" *Id.* at 696–97. Therefore, we remand to the trial court and direct it to conduct a hearing to determine the reasonableness of attorney's fees requested by Percy's and enter judgment accordingly.

### Decision

The judgment of the trial court is affirmed. Percy's motion for attorney's fees is granted, and the case is remanded to the trial court with directions to conduct a hearing to determine the appropriate amount of attorney's fees.

JEFFREY W. BATES, P.J., and DON E. BURRELL, J., concur.

---

**2.** Southern District Special Rule 14 provides "[a]ny party claiming an amount due for attorney's fess on appeal pursuant to contract, statute or otherwise must file a motion containing such request before submission of the cause."