

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

CYNTHIA KNIGHT, )
                  Appellant, )
                  )
v. ) **WD78591**
                  )
CON-AGRA FOODS, INC. and ) **FILED: December 8, 2015**
TREASURER OF THE STATE OF )
MISSOURI - CUSTODIAN OF THE )
SECOND INJURY FUND, )
                  Respondents. )

**Appeal from the Labor and Industrial Relations Commission**

**Before Division 4: Alok Ahuja, C.J., Thomas H. Newton, J., and David M. Byrn, Sp.J.**

On August 21, 2013, Cynthia Knight filed a Claim for Compensation with the Department of Labor and Industrial Relations' Division of Workers' Compensation. Knight's workers' compensation claim related to an injury she suffered on January 13, 2009, during her employment with Respondent Con-Agra Foods, Inc. The Labor and Industrial Relations Commission dismissed Knight's claim as untimely on two grounds. Knight appeals. Because she challenges only one of the two reasons for the Commission's adverse ruling, we affirm.

## Factual Background

Cynthia Knight was employed at Con-Agra's plant in Marshall. She was injured at work on January 13, 2009, when she fell, hit her head, and suffered a concussion. Knight was treated at a hospital emergency room and released the same day.

Con-Agra filed a Report of Injury with the Division of Worker's Compensation the following day. Con-Agra and its workers' compensation insurer authorized Knight's emergency room visit, and paid all medical bills associated with that visit. These are the only payments made directly by Con-Agra or by its workers' compensation insurer on account of the injury Knight suffered on January 13, 2009.

Knight claims that she continued to experience medical problems related to her January 2009 injury, and she requested that Con-Agra authorize additional medical treatment. Con-Agra's in-house nurses denied those requests, concluding that Knight's later medical complaints were not work-related. Knight sought treatment on her own. Payments to the health-care providers Knight selected were made by her employer-provided health insurance, which was administered by Blue Cross/Blue Shield.

On August 21, 2013, Knight filed a Claim for Compensation with the Division of Workers' Compensation for her injuries arising out of the January 2009 incident. Con-Agra, its insurer, and the Second Injury Fund all raised a statute of limitations defense. They asserted that Knight's claim was untimely under § 287.430,[1] which provides in relevant part that a claim for compensation must be filed "within two years after the date of injury or death, or the last payment made under this chapter on account of the injury or death." Knight responded that her Claim for Compensation was timely because the payments made by Blue Cross/Blue Shield for her later medical treatment, including payments made within two years of the filing of her claim, constituted payments "made under this chapter on account of the injury." Knight argued that these later payments tolled the running of the statute of limitations because her later medical treatment was related to the January 2009 workplace injury, and because her health insurance

_____

[1] Statutory citations refer to the 2000 edition of the Revised Statutes of Missouri, as supplemented through the 2008 Cumulative Supplement.

2

was fully self-funded by Con-Agra, meaning that the later payments were in reality made by Con-Agra directly.

Following an evidentiary hearing, an administrative law judge ("ALJ") agreed with Con-Agra that Knight's claim was untimely. The ALJ's decision explained:

> Claimant's assertion that the Blue Cross/Blue Shield payments were made "under this chapter (Ch. 287) on account of the injury" fails on two counts. First, there is no medical evidence whatsoever that the medical treatment of November 14, 2011 for which Blue Cross/Blue Shield made payments, was medical treatment rendered "on account of the injury" (i.e., an injury incurred by Claimant in the January 13, 2009 accident). Second, *Dungan v. Fuqua Homes, Inc.*, 437 S.W.3d 807 (Mo. App. W.D. 2014) held that payments made by a health insurance carrier do not constitute "payments made under this chapter", and thus do not toll the running of the statute of limitations. *Dungan* is clearly on point and is dispositive of the issue.

On review, the Labor and Industrial Relations Commission adopted the ALJ's decision as its own.[2] Knight now appeals.

**Analysis**

Knight contends, for two reasons, that the Labor and Industrial Commission erred in concluding that her workers' compensation claim was untimely. First, she argues that "payments made by [Knight]'s Employer-provided fully self-funded health insurance plan constituted payments made under chapter 287 for the purposes of tolling the statute of limitations contained in § 287.430." Second, she claims that the Commission, following *Dungan*, erroneously "added the requirement that 'payments made under this chapter' in that section be made by an obligation of the employer when no such requirement is found in § 287.430."

In order for later payments to delay the running of the statute of limitations, those payments must satisfy at least two requirements: the payments must be "[1] made under this

---

[2]     "When, as here, the Commission affirms or adopts the findings of the ALJ, we review the decision and findings of the ALJ as adopted by the Commission." *Dungan*, 437 S.W.3d at 809.

chapter [2] on account of the injury or death." § 287.430. The Commission in this case found that the payments on which Knight relied failed to satisfy *either* criteria: they were not payments "made under this chapter" because those payments were made by Knight's health insurer, not by Con-Agra or its workers' compensation insurer; and they were not payments "on account of the injury" because there was no medical evidence that Knight's November 2011 medical treatment was related to her January 2009 injury. Yet, despite the fact that the Commission relied on two separate and independent rationales to find Knight's claim to be untimely, she challenges only one of those rationales: both of Knight's Points argue that Blue Cross/Blue Shield's payments for her November 2011 medical care constituted payments "made under this chapter."

Because Knight has failed to challenge each of the grounds on which the Commission relied to find her claim untimely, we have no option but to affirm the Commission's decision.

> While it may not be stated explicitly in Rule 84.04, the fundamental requirement for an appellate argument is that it demonstrate the erroneousness of the basis upon which a lower court or agency issued an adverse ruling. Unless an appellant challenges the grounds on which an adverse ruling depends, he has shown no entitlement to appellate relief.

*Rainey v. SSPS, Inc.*, 259 S.W.3d 603, 606 (Mo. App. W.D. 2008). As a corollary to this principle, if a trial court or administrative agency relies on multiple, independently sufficient grounds in issuing an adverse ruling, the appellant must challenge each of those independent grounds of decision. This Court addressed this precise situation in *City of Peculiar v. Hunt Martin Materials, LLC*, 274 S.W.3d 588 (Mo. App. W.D. 2009):

> [Appellants'] points on appeal attack only two of the circuit court's five grounds for denying their petition for a declaratory judgment. . . . [Appellants'] points do not attack the circuit court's three other grounds for denying their petition. To reverse the circuit court's judgment, however, [Appellants] would necessarily have to establish that all of the reasons that the circuit court articulated in its judgment were wrong. This is because, even if we agreed with [Appellants] that the circuit court erred in making those two conclusions, we would have no choice but to presume, in the absence of arguments to the contrary, that the circuit court's other three reasons for denying their petitions were correct. Alleged errors

4

by the trial court must be prejudicial and affect the merits of the action. Rule 84.13(b). Thus, by failing to assert that all of the circuit court's grounds were incorrect, [Appellants] have failed to carry their burden on appeal of establishing that the circuit court erred in denying their petition.

*City of Peculiar v. Hunt Martin Materials, LLC*, 274 S.W.3d 588, 590-91 (Mo. App. W.D. 2009); *see also*, *e.g.*, *STRCUE, Inc. v. Potts*, 386 S.W.3d 214, 219 (Mo. App. W.D. 2012); *Chastain v. Kansas City Mo. City Clerk*, 337 S.W.3d 149, 155 (Mo. App. W.D. 2011).

The reasoning of *City of Peculiar* is fully applicable here. Even if we were to agree with Knight that the payments made by Blue Cross/Blue Shield were payments "made under this chapter," this would not alter the result: those payments would still not toll the running of the statute of limitations, because of the Commission's separate – and unchallenged – determination that the payments were not made "on account of the [January 2009] injury." We will not separately address the Commission's finding that the Blue Cross/Blue Shield payments were not made "on account of the [January 2009] injury," where Knight has made no argument challenging that finding.[3] Presuming that unchallenged finding to be correct, we have no option but to affirm the Commission's decision.

---

[3]     At oral argument, Knight's counsel argued that the question whether her November 2011 medical treatment related to her January 2009 injury should be remanded to the Commission, because that issue was not fully litigated in the prior evidentiary hearing. Knight did not argue in her briefing, however, that the Commission's express finding that the payments were not made "on account of the [January 2009] injury" was improper, because it addressed an issue that had not been fully litigated. We will not consider an issue raised for the first time at argument. *McGuire v. Kenoma, LLC*, 375 S.W.3d 157, 182 n. 20 (Mo. App. W.D. 2012). In any event, Knight's characterization of the scope of the prior evidentiary hearing appears to be incorrect. At the outset of that hearing the ALJ stated his understanding that "the issue to be decided by virtue of today's hearing is whether the Claim for Compensation was filed within the time allowed by the statute of limitations, Section 287.430," and all counsel affirmatively indicated their agreement with the ALJ's statement. As explained in the text, one of the essential issues in determining the application of § 287.430's statute of limitations in this case is whether the payments made for Knight's November 2011 medical treatment were "on account of the [January 2009] injury." Because Knight had a full opportunity to address this issue in the Commission proceedings which have already occurred, a remand to permit that issue to be re-litigated is unwarranted.

**Conclusion**

We affirm the Commission's Final Award Denying Compensation.

Alok Ahuja, Chief Judge

All concur.