

# Missouri Court of Appeals

### Southern District

### Division One

HARLEY ROGERS,                          )
                                        )
    Plaintiff-Respondent,        )
                                        )
vs.                                     )          No. SD33696
                                        )
SUPERIOR METAL, INC.,                   )          **Filed:  February 4, 2016**
RANDY MUELLER, and                      )
JONATHAN HOLTZMAN,                      )
                                        )
    Defendants-Appellants.       )

APPEAL FROM THE CIRCUIT COURT OF LAWRENCE COUNTY

Honorable Judge Scott S. Sifferman

**AFFIRMED AND REMANDED**

Superior Metal, Inc. ("Contractor") and Contractor's owners, Randy

Mueller ("Mr. Mueller") and Jonathan[1] Holtzman ("Mr. Holtzman"),[2] appeal

from the trial court's judgment for Harley Rogers ("Owner").  Contractor raises

---

[1] Mr. Holtzman's first name is spelled in different ways in different documents in the record on appeal.  For consistency's sake, we adopt the spelling used in the transcript, Jonathan.  No disrespect is intended.

[2]  When Contractor, Mr. Mueller, and Mr. Holtzman are discussed collectively, they will be referred to as "Appellants."

four points on appeal. These points are without merit, and we affirm the trial court's judgment.

## Factual and Procedural Background

There was conflicting evidence at trial. In preparing this summary, we view that evidence in the light most favorable to the trial court's judgment. ***Ken Cucchi Const., Inc. v. O'Keefe***, 973 S.W.2d 520, 523-24 (Mo. App. E.D. 1998).

Contractor is a construction company which installs metal buildings, roofing, siding, and windows. In March 2013, Owner decided he wanted to build a shed on his property for storage. Owner discussed the building project with Mr. Mueller, and Mr. Mueller told him that "it would be a stand-up product" and that "the building would be straight, free of defects, and it would be good lumber." Contractor and Owner then entered a written agreement in which Owner was to pay $13,500 for Contractor to build a pole barn on Owner's property.

During the construction process, Owner noticed defects in the construction and mentioned his concerns to Mr. Holtzman. After completion, the building had numerous construction defects. Owner demanded his money back, and Mr. Mueller refused to issue a refund.

Thereafter, Owner sued Appellants. The petition sought damages from Contractor based on breach of contract, unjust enrichment, fraudulent misrepresentation, negligence, and violations of the Missouri Merchandising Practices Act ("MMPA"). Owner also sought damages from Mr. Mueller and Mr. Holtzman based on the theory of piercing the corporate veil. Prior to trial, Owner amended the allegation of fraudulent misrepresentation to seek recovery from

2

Appellants collectively rather than Contractor alone and voluntarily dismissed the allegations regarding piercing the corporate veil.

The parties had a bench trial. The trial court found for Owner on all counts submitted. The trial court awarded Owner $23,500 in damages, $10,000 in attorney's fees, and $1 in punitive damages. Appellants appeal.

## Standard of Review

As this was a court-tried case, this Court will "affirm the trial court's judgment unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law." *Kelley v. Widener Concrete Const., LLC*, 401 S.W.3d 531, 539 (Mo. App. S.D. 2013). "The trial court's judgment is presumed valid, [and] the burden is on the appellant to demonstrate its incorrectness[.]" *Id.* (quoting *Harness v. Wallace*, 167 S.W.3d 288, 289 (Mo. App. S.D. 2005)). Additionally, "this Court defers to the trial court's credibility determinations." *Id.* "That is because credibility of witnesses and the weight to be given their testimony is a matter for the trial court, which is free to believe none, part, or all of any witness's testimony." *Id.* (quoting *Watson v. Moore*, 8 S.W.3d 909, 911 (Mo. App. S.D. 2000)).

## Point I: Measure of Damages

In their first point on appeal, Appellants argue the trial court erred in applying the cost measure of damages rather than the diminished-value measure of damages because Owner "presented no evidence to support the correct measure of damage." We disagree.

3

"[T]he goal of damages in a contract action is to place the injured party in the same position that the party would have been in had the contract been performed[.]" **Kelley**, 401 S.W.3d at 541 (quoting **White v. Marshall**, 83 S.W.3d. 57, 62 (Mo. App. W.D. 2002)). In Missouri, two tests have been applied to calculate damages in cases involving defective performance of a building contract: the cost-to-repair method and the diminished-value method. **Id.** "The 'cost rule' measures damages by the cost of repairing the defective work." **Id.** "The 'diminished value rule,' an exception to the 'cost rule,' is 'the difference between the value of the property with the defective work and what its value would have been if it had been constru[ct]ed according to the terms of the contract." **Id.** (quoting **White River Dev. Co. v. Meco Systems, Inc.**, 806 S.W.2d 735, 741 (Mo. App. S.D. 1991)). The cost rule is the preferred measure of damages while the diminished-value rule is used when the cost of repair would cause "unreasonable economic waste." **Id.**

The choice between these methods is determined by a shifting burden of proof. "Once the landowner presents evidence on the cost of repair or replacement, *the contractor* has the burden of presenting evidence that the cost of repairing or replacing the property is disproportionate to the diminution in value of the property." **Ken Cucchi Const., Inc. v. O'Keefe**, 973 S.W.2d 520, 527 (Mo. App. E.D. 1998) (emphasis added). If the contractor presents no evidence of the value of the building as actually constructed, a trial court does not err in applying the cost measure of damages. **Id.**

Here, Appellants presented no evidence regarding the value of the building as actually constructed. The only evidence of the value of the building was the

4

contract price of $13,500. Although Appellants' expert disagreed with Owner's expert regarding the extent of the repairs needed, Appellants' evidence on damages comprised cost-to-repair estimates. Appellants' expert testified it would cost $445 to repair the defects in the building. Under these circumstances, there was no evidence regarding the difference between the value of the building as actually constructed and the value the building would have had if constructed in accordance with the terms of the contract. The trial court did not err in applying the cost rule rather than the diminished-value rule. *See* **id.**

Appellants' first point is denied.

## Point II: Individual Liability

In their second point, Appellants argue the trial court erred in entering judgment against Mr. Mueller and Mr. Holtzman individually because there was no evidence that Mr. Mueller and Mr. Holtzman acted in their individual capacities and because Owner dismissed his claim involving piercing the corporate veil. This argument ignores the other claims in the petition.

Appellants are correct that generally, "merely holding a corporate office does not subject one to personal liability for the misdeeds of the corporation." **Constance v. B.B.C. Dev. Co.**, 25 S.W.3d 571, 590 (Mo. App. W.D. 2000). But the shield is not absolute: "A corporate officer may be held liable if it is 'shown by evidence of probative force that he had actual or constructive knowledge of the actionable wrong and participated therein.'" **Estate of Overbey v. Chad Franklin Nat'l Auto Sales North, LLC**, 361 S.W.3d 364, 371 (Mo. banc 2012) (quoting **Wolfersberger v. Miller**, 39 S.W.2d 758, 764

(1931)). One situation in which such liability may be found includes fraud. *E.g.*, *id.*

Here, the trial court found against Appellants regarding Owner's claim for fraudulent misrepresentation. The trial court's discussion of that claim includes the finding that Mr. Mueller made affirmative misrepresentations and that Appellants omitted material facts in their communications with Owner. These communications with Owner required Mr. Mueller and Mr. Holtzman's affirmative participation in the actionable wrong and so justify imposition of individual liability. *See **id.*** Appellants do not challenge those findings on appeal, and without a challenge to those findings, they cannot show imposition of individual liability was erroneous.

Appellants' second point is denied.

## Point III: Attorney's Fees

In Point III, Appellants argue the trial court erred in awarding $10,000 in attorney's fees under the MMPA because Owner "submitted no evidence as to itemization of time spent on the case on [Owner's] behalf." This argument is without merit.

"In Missouri, the general rule is that 'attorney fees are not awarded to every successful litigant.'" ***Berry v. Volkswagen Group of Am., Inc.***, 397 S.W.3d 425, 431 (Mo. banc 2013) (quoting ***Lucas Stucco & EIFS Design, LLC v. Landau***, 324 S.W.3d 444, 445 (Mo. banc 2010)). "However, attorneys' fees may be awarded when they are provided for in a contract or when they are authorized statutorily." ***Id.*** Here, Count V of Owner's petition sought damages for violations of the MMPA. Under the MMPA, besides actual damages, the trial

6

court may award punitive damages and "attorney's fees, based on the amount of time reasonably expended[.]" § 407.025.1.[3] Appellants seize on the statutory language to argue that an itemized list or some evidence of the actual hours expended is necessary to support recovery of attorney's fees under the statute. But that argument ignores the plain language of the statute.

Nothing in the statute requires an itemized list of the attorney's services. Nor does the statute mention actual hours expended. Rather, the statue says "the amount of time reasonably expended," without further definition. "The circuit court is deemed an expert at fashioning an award of attorneys' fees and may do so at its discretion." **Western Blue Print Co., LLC v. Roberts**, 367 S.W.3d 7, 23 (Mo. banc 2012). "The circuit court that 'tries a case and is acquainted with all the issues involved may "fix the amount of attorneys' fees without the aid of evidence."'" **Id.** (quoting **Essex Contracting, Inc. v. Jefferson County**, 277 S.W.3d 647, 656 (Mo. banc 2009)).

Here, the judge who awarded the fees also presided over the trial. He was familiar with the issues and the conduct of the attorneys and so had a basis for determining the amount of time that would be reasonably expended without the aid of additional evidence. *See* **id.**

Appellants' third point is denied.

### Point IV:  Material Breach of Contract

In Point IV, Appellants argue the trial court erred in finding Appellants materially breached the contract "because the evidence from both parties was that [Appellants] substantially performed the agreed upon construction

---

[3] All statutory references are to RSMo Cum. Supp. (2013).

contract." However, we need not address this point because the trial court gave other grounds for its ruling that Appellants do not challenge.

"[T]he fundamental requirement for an appellate argument is that it demonstrate the erroneousness of the basis upon which a lower court or agency issued an adverse ruling." *Knight v. Con-Agra Foods, Inc.*, No. WD78591, 2015 WL 8238917, at *2 (Mo. App. W.D. December 8, 2015). "As a corollary to this principle, if a trial court or administrative agency relies on multiple, independently sufficient grounds in issuing an adverse ruling, the appellant must challenge each of those independent grounds of decision." *Id.* This is because reversal requires a finding "that all of the reasons that the circuit court articulated in its judgment were wrong." *Id.* (quoting *City of Peculiar v. Hunt Martin Materials, LLC*, 274 S.W.3d 588, 591 (Mo. App. W.D. 2009)). Where the trial court states numerous reasons to support the judgment and where the appellant does not challenge each reason on appeal, the appellant does not meet his or her burden of establishing circuit court error. *Id.*

Here, the trial court stated numerous grounds supporting the damage award. Specifically, besides finding Appellants materially breached the contract, the trial court found Owner was entitled to judgment based on unjust enrichment, fraudulent misrepresentation, negligence, and violation of the MMPA. Appellants do not challenge these rulings, any of which would support the judgment. Appellants have failed to meet their burden of proving trial court error.

Appellant's fourth point is denied.

**Attorney's Fees on Appeal**

While this appeal was pending, Owner moved for attorney's fees on appeal under Section 407.025. When a statute permits an award of attorney's fees, full compensation can involve an award of attorney's fees on appeal. *DeWalt v. Davidson Surface Air*, 449 S.W.3d 401, 407 (Mo. App. E.D. 2014). Even though this Court has "the expertise to fix attorney['s] fees on appeal, 'the trial court is in a much better position to hear evidence and argument on this issue and make a determination of the reasonableness of the requested fees and costs[.]'" *Percy's High Performance, Inc. v. Krough*, 445 S.W.3d 577, 583 (Mo. App. S.D. 2013) (quoting *SE Co-Op Serv. Co. v. Hampton*, 263 S.W.3d 689, 696-97 (Mo. App. S.D. 2008)). We remand this case to the trial court with instructions to conduct a hearing regarding attorney's fees on appeal and to enter judgment accordingly. *See **id.***

**Decision**

The trial court's judgment is affirmed. The case is remanded for consideration of an award of attorney's fees on appeal.

MARY W. SHEFFIELD, C.J. - OPINION AUTHOR

DANIEL E. SCOTT, P.J. – CONCURS IN SEPARATE OPINION

JEFFREY W. BATES, J. – CONCURS



# Missouri Court of Appeals

### Southern District

### Division One

HARLEY ROGERS, )
)
     Plaintiff-Respondent, )
)
vs. )
) No. SD33696
SUPERIOR METAL, INC., )
RANDY MUELLER, and )
JONATHAN HOLTZMAN, )
)
     Defendants-Appellants. )

## CONCURRING OPINION

I concur. As to Point I, cost to repair or replace was the preferred measure of damages unless Appellants proved that would cause "unreasonable economic waste." *See, e.g.*, **Kelley v. Widener Concrete Const., LLC**, 401 S.W.3d 531, 540-41 (Mo.App. 2013) (contractor's burden to prove that repair cost would result in unreasonable economic waste); **Matt Miller Co. v. Taylor-Martin Holdings, LLC**, 393 S.W.3d 68, 84 (Mo.App. 2012) (same).

The trial court heard the evidence and found that Appellants did not carry this burden; that cost of repair or replacement would *not* be

unreasonable economic waste. As in **Kelley**, the trial court weighed competing testimony, and "credibility of the witnesses and that testimony was for the trial court's determination as the trier of fact." 401 S.W.3d at 543. We are not free to reweigh the testimony or second-guess the trial court's determination that Defendants did not carry their burden of proving that cost of repair or replacement would be unreasonably wasteful.

DANIEL E. SCOTT, P.J. – CONCURRING OPINION AUTHOR