

# In the
# Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| KDW STAFFING, LLC, | ) | |
| | ) | |
| Appellant, | ) | WD82496 |
| | ) | |
| v. | ) | OPINION FILED:  October 8, 2019 |
| | ) | |
| GROVE CONSTRUCTION, LLC, | ) | |
| | ) | |
| Respondent. | ) | |

**Appeal from the Circuit Court of Boone County, Missouri**
The Honorable Jeffrey Harris, Judge

Before Division One:  Cynthia L. Martin, Presiding Judge, Alok Ahuja, Judge and
Anthony Rex Gabbert, Judge

KDW Staffing, LLC ("KDW") appeals the trial court's entry of judgment ("Judgment") that found in favor of Grove Construction ("Grove") on a claim for action on account.  KDW asserts the trial court erred in finding that KDW failed to meet its evidentiary burden that invoices and time cards were timely submitted to Grove for payment.  KDW further asserts that the trial court erred in finding that Grove had a meritorious laches defense; that KDW materially breached terms of a contract between KDW and Grove; and that KDW failed to prove that it was entitled to interest payments on

overdue accounts. Because KDW has failed to challenge all bases supporting the trial court's Judgment, we affirm.

## Factual and Procedural Background[1]

KDW is a staffing company in Columbia that contracts with construction companies to provide general laborers and other skilled workers for commercial construction projects. On May 27, 2014, KDW entered into a one-year General Staffing Agreement ("Agreement") to provide general laborers ("Assigned Employees") to Grove on an hourly basis. The Assigned Employees performed work on a commercial construction project that involved improvements to an apartment complex. Grove's underlying contract with the owners of the apartment complex was a "time and materials" contract. The time and materials contract required Grove to provide on a monthly basis to the apartment owner the actual cost of labor and materials as the costs were incurred, including the cost of Assigned Employees.

The Agreement between KDW and Grove required KDW to send invoices "via the United States Postal Service or a nationally recognized courier" to Grove for services provided by the Assigned Employees on a weekly basis. The Agreement also required that KDW invoices "be supported by the pertinent time sheets or other agreed system for documenting time worked by Assigned Employees."

KDW billed Grove weekly invoices for Assigned Employees labor costs through September 2014. Erin Lent ("Lent") was an accountant with KDW who oversaw invoicing

---

[1]"We view the evidence and its reasonable inferences in the light most favorable to the trial court's judgment and we disregard contrary evidence and inferences." *Federal Nat. Mortg. Ass'n v. Bostwick*, 414 S.W.3d 521, 524 (Mo. App. W.D. 2013).

for the Grove account. However, on September 19, 2014, Lent left KDW's employment. Beginning September 19, 2014, KDW repeatedly failed to provide weekly invoices and supporting time sheets to Grove. Grove paid all invoices received through December 17, 2014 that were supported by time sheets, and even some invoices that were not supported by time sheets. Additional invoices were provided to Grove after December 17, 2014, but were not paid by Grove because upon Grove's request, KDW failed to support the invoices with time cards. The Agreement expired on May 27, 2015. By July 15, 2015, Grove had completed the construction project at the apartment complex and closed out all accounts on the underlying time and materials contract, having provided the apartment complex owners with a final statement. On July 15, 2015, KDW provided Grove time sheets supporting $50,282.14 for allegedly unpaid services provided by Assigned Employees.

In April 2016, KDW filed an action on account to recover payment on invoices totaling $65,818.58. A trial to the court was held. KDW's sole witness testified that Grove paid in excess of $80,000 on invoiced services. Evidence adduced by Grove corroborated KDW's sole witness's claim, demonstrating that $88,808.75 had been paid to KDW by Grove. KDW failed to adduce evidence demonstrating the entire value of services provided by KDW to Grove.

The trial court awarded Judgment in favor of Grove. Because KDW failed to demonstrate the total value of services provided on account, the Judgment found that the total amount invoiced on account was $65,818.58. The Judgment found that Grove had met its burden to prove the affirmative defense of payment because "the total of the proven payments on the account exceeds the amount that KDW undertook to prove was owed on

3

the account." The Judgment also found that Grove met its burden to prove the affirmative defense of laches on any amount in excess of the $50,282.14, which was invoiced with supporting time sheets on July 15, 2015. The Judgment found that KDW had materially breached the terms of the Agreement by not sending weekly invoices supported by time sheets "via the United States Postal Service or a nationally recognized courier" as required by the Agreement. The Judgment found that KDW failed to prove the essential elements to support an action on account because KDW failed to prove the reasonableness and correctness of each invoice. Finally, the Judgment rejected KDW's claims for interest and attorney's fees.

KDW timely appeals.[2]

## Standard of Review

"When reviewing a trial court's judgment in a court-tried case, the judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *Agriservices of Brunswick, LLC v. Jacoby*, 548 S.W.3d 430, 434-35 (Mo. App. W.D. 2018) (citing *Holm v. Wells Fargo Home Mortgage*, 514 S.W.3d 590, 596 (Mo. banc 2017)). Under this standard, we "view the evidence in a light most favorable to the judgment and disregard all contrary evidence and permissible inferences." *Med. Plaza One, LLC v. Davis*, 552 S.W.3d 143, 153 (Mo. App. W.D. 2018).

---

[2]Additional facts will be discussed as necessary.

**Analysis**

KDW raises five points on appeal. KDW's first point asserts that the trial court erred by finding that KDW did not timely submit invoices supported by time cards because the finding lacked "substantial evidence." KDW's second point argues that the trial court erred by finding that Grove established the affirmative defense of laches because the finding was not supported by substantial evidence. KDW's third point asserts that the trial court erred in finding that KDW breached the Agreement when KDW did not send invoices by United States Post or another recognized courier. KDW's fourth point claims the trial court erred in finding that KDW breached the Agreement by not supporting invoices with time cards. KDW's fifth point asserts the trial court erred in rejecting KDW's request for interest on the alleged amount owed by Grove. Before considering the merit of KDW's points on appeal, we must consider whether KDW's appeal is fatally defective because it fails to challenge all of the multiple, sufficient bases supporting the trial court's Judgment.

Rule 84.04(d)(1)[3] requires points relied on to "(A) identify the trial court ruling or action that the appellant challenges; (B) State concisely the legal reasons for the appellant's claim of reversible error; and (C) Explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Our courts "adhere[] to the well-entrenched doctrine that the questions for decision on appeal *are those stated in the points relied on*, and a question not there presented will be considered abandoned." *Gaar v. Gaar's Inc.*, 994 S.W.2d 612, 616 (Mo. App. S.D. 1999) (Emphasis added); *see also*

---

[3]All rule references are to *Missouri Court Rules, Volume I—State, 2019,* unless otherwise indicated.

5

*Spencer v. Lombardi*, 500 S.W.3d 885, 889 (Mo. App. W.D. 2016) ("[A]n appellant's argument is limited to only those errors asserted in the points relied on.") (internal quotations omitted). None of KDW's points on appeal challenge the trial court findings that Grove established the affirmative defense of payment, or that KDW failed to meet its burden of proof as to the correctness or reasonableness of its statement of account.[4] KDW's failure to challenge these bases is fatal to its appeal because these independent bases for the Judgment are sufficient to affirm the trial court's denial of KDW's action on account.

"An action on account is based in contract." *Building Erection Services Co. v. Plastic Sales & Mfg. Co., Inc.*, 163 S.W.3d 472, 477 n. 1 (Mo. App. W.D. 2005). "An action on account 'is appropriate where the parties have conducted a series of transactions for which a balance remains to be paid.'" *Berlin v. Pickett*, 221 S.W.3d 406, 410 (citing 1 AM.JUR.2d *Accounts & Accounting* section 8 (2005)) (Mo. App. W.D. 2006). "The plaintiff has the burden of making a submissible case by establishing proof of an offer, an acceptance, consideration, correctness of the account, and the reasonableness of the charges." *Id.* "The plaintiff must prove that the defendant requested him to furnish services, that he accepted defendant's offer by furnishing such services, and that the charges for those services were reasonable." *Id.* at 410-11. "Ordinarily an account is proved by

---

[4]KDW argues in its reply brief that it has preserved these claims of error. KDW directs the court to the argument portion of its first and second points on appeal. KDW's first point challenges the trial court's finding that KDW failed to timely submit invoices and time cards, while its second point challenges the trial court's finding that Grove established a laches defense. Rule 84.04(e) requires that the argument under a point relied on "shall be limited to those errors included in the 'Point Relied On.'" Thus, any claims in the argument portion of KDW's Points One and Two that may be construed as challenging the trial court's finding that Grove established a payment defense, or that KDW failed to establish the essential elements of its action on account, exceed the scope of each point relied on. Arguments that exceed the scope of the point relied on preserve nothing for our review. *See The Schumacher Group, Ltd v. Schumacher*, 474 S.W.3d 615, 624 n. 11 (Mo. App. W.D. 2015).

proving each item thereof including date, correctness of each item contained in the account, the charge made and the reasonableness thereof." *J.D. Street & Co. v. Bone*, 334 S.W.2d 5, 8 (Mo. 1960).

KDW failed to prove each item of the account. KDW never introduced evidence showing the total value of services rendered to Grove. In its petition, KDW attached a Statement of Account dated May 31, 2016, that itemized 20 alleged invoices sent to Grove. The Statement of Account did not detail any payments from Grove. KDW elected to proceed on only 14 of the itemized invoices detailed in the Statement of Account, abandoning recovery on the other invoices because they were concededly not timely sent. The 14 invoices totaled $65,818.58. KDW's sole witness, Anne Williams ("Williams"), testified that Grove paid in excess of $80,000 to KDW pursuant to the Agreement.[5] Williams acknowledged that other invoices were sent to Grove during the term of the Agreement, in addition to those sought in the action on account. Neither testimony nor other evidence established the value of these other invoices. Without this necessary information, the trial court was unable to determine if there was a remaining balance due to KDW. Because KDW only offered evidence that Grove owed $65,818.58 and both parties agreed that more than $80,000 had been paid on the account, the trial court could not determine the reasonableness or correctness of the account, which requires some kind of proof of "each item" contained within the account. Additionally, there was substantial evidence to support the trial court's finding that the affirmative defense of payment had

---

[5]Evidence offered by Grove corroborated this testimony and established that KDW was paid $88,808.75.

7

been established when both parties agreed that a sum had been paid by Grove that was greater than what was sought on the whole action. These unchallenged determinations are sufficient to support affirming the trial court's Judgment.

"Failure to challenge on appeal all articulated grounds for the court's ruling is fatal to the success of the appeal." *Eckel v. Eckel*, 540 S.W.3d 476, 489 (Mo. App. W.D. 2018) (citing *Spencer v. Lombardi*, 500 S.W.3d 885, 889 (Mo. App. W.D. 2016)); *see also Knight v. Con-Agra Foods, Inc.*, 476 S.W.3d 355, 358-59 (Mo. App. W.D. 2015) ("[I]f a trial court . . . relies on multiple, independently sufficient grounds in issuing an adverse ruling, the appellant must challenge each of those independent grounds of decision."). A failure to challenge all bases for a judgment is fatal because "even if we agreed with [KDW] that the [trial court] erred" in parts of its Judgment "we would have no choice but to presume, in the absence of arguments to the contrary, that the [trial court's] other [unchallenged bases for Judgment] were correct." *Knight*, 476 S.W.3d at 358-59 (quoting *City of Peculiar v. Hunt Martin Materials, LLC*, 274 S.W.3d 588, 590-91 (Mo. App. W.D. 2009)). "Alleged errors by the trial court must be prejudicial and affect the merits of the action." *Id.* at 359 (citing Rule 84.13(b)). "Thus, by failing to assert that all of the [trial court's] grounds were incorrect, [KDW] ha[s] failed to carry [its] burden on appeal of establishing that the [trial court] erred[.]" *Id.* at 359.

Because the findings that Grove established the defense of payment and that KDW failed to meet its burden as to the correctness and reasonableness of its statement of account are sufficient bases for the court's Judgment, and KDW has failed to challenge these bases

for Judgment, KDW's appeal is fatally defective. Presuming the unchallenged findings correct, we have to affirm the trial court's Judgment.

## Conclusion

The trial court's Judgment is affirmed.


_____
Cynthia L. Martin, Judge


All concur