David LOVE, Respondent,

v.

BOARD OF POLICE COMMISSIONERS,
Clark, Mischeaux, Padberg, Haar and
Bosley, Appellants.

No. 70831.

Missouri Court of Appeals,
Eastern District,
Division Two.

April 22, 1997.

Michael A. Garvin, Office of the City Counselor, St. Louis, for appellants.

David E. Love, St. Louis, pro se.

GERALD M. SMITH, Judge.

The Board of Police Commissioners appeals from the trial court action in setting aside a previously entered judgment in favor of the Board in a suit filed against it by plaintiff. We reverse.

The Board suspended the private security license of plaintiff, David Love, during the pendency of felony charges against him. When the plaintiff was acquitted of the charges the Board reviewed his application to lift the suspension and denied it. Love brought an action in Circuit Court to review the Board's action. The circuit court entered judgment dismissing the petition for review

as untimely. Love did not appeal the judgment of dismissal allegedly because he did not have the filing fee.

Eleven months after the dismissal Love filed his motion to set aside the judgment pursuant to Rule 74.06. He alleged that the dismissal was based on fraud, mistake, and inadvertence. He also contended that he was surprised by the legal effect of the court's ruling. The thrust of the motion is that counsel for the Board urged upon the court an erroneous limitation period by contending that the appeal was governed by § 536.110 RSMo 1994 rather than § 536.150 RSMo 1994. He alleged that, as a layman, he did not become aware of the correct period until shortly before filing his petition to set aside.

Rule 74.06 is not intended as an alternative to a timely appeal. *Anderson v. Anderson,* 850 S.W.2d 404 (Mo.App.1993)[1–3]. Relief from a trial court judgment, which may have been available by appeal, is not necessarily available by a Rule 74.06 proceeding. Here, by the very allegations of his petition, plaintiff states that he was aware appeal was available to him and he chose not to pursue that route. The issue of timeliness was the basis of the trial court's dismissal of the case and was therefore known to Love as the issue for appeal. That presented an issue of law for resolution by the appellate court.

Love's allegations of fraud are not pleaded with particularity as required by Rule 55.15. *Levine v. Hans,* 923 S.W.2d 357 (Mo.App.1996)[6,7]. They are to be disregarded. The allegations of mistake involve an alleged misinterpretation or misapplication of the law by the court. Rule 74.06 is not directed to mistakes of law. *Gibson v. White,* 904 S.W.2d 22 (Mo.App.1995)[4,5]. Those "mistakes" are to be corrected on direct appeal. Love's petition to set aside contains no allegations legally sufficient to set aside the judgment entered. A party acting *pro se* is bound by the same rules and procedures as other litigants and receives no

"indulgence" for failing to retain counsel. *Lamastus v. Lamastus,* 886 S.W.2d 721 (Mo. App.1994)[12]. Love's status as a layman does not support a claim of "surprise" concerning the status of the law. The court was not justified in setting aside the judgment under the circumstances here.

In view of our holdings, we do not reach Love's claim for sanctions against the Police Board for frivolous appeal. Rule 84.19.

Judgment setting aside prior judgment is reversed.

CRANE, P.J., and PUDLOWSKI, J., concur.