Michelle **RUSSELL**, Claimant–
Appellant,

v.

**DIVISION OF EMPLOYMENT
SECURITY**, Respondent–
Respondent.

No. 23877.

Missouri Court of Appeals,
Southern District,
Division Two.

April 10, 2001.

Appellant, pro se.

Ninion S. Riley and Cynthia Quetsch, Jefferson City, for Respondent.

PHILLIP R. GARRISON, Judge.

 Michelle Russell ("Claimant") appeals from a final award of the Labor and Industrial Relations Commission denying her claim for unemployment benefits. The Division of Employment Security ("Respondent") contends that Claimant's appeal should be dismissed for failure to comply with Rule 84.04.[1] We agree.

Claimant appears pro se. Nevertheless, she is held to the same standard with respect to the proceeding as a party represented by a licensed attorney. *Carroll v. AAA Bail Bonds,* 6 S.W.3d 215, 217 (Mo. App. S.D.1999). As explained in *Sutton v. Goldenberg,* 862 S.W.2d 515, 517 (Mo.App. E.D.1993):

> While this court recognizes the problems faced by pro se litigants, we cannot relax our standards for non lawyers. *Brown v. City of St. Louis,* 842 S.W.2d 163, 165 (Mo.App. E.D.1992). It is not for lack of sympathy but rather it is necessitated by the requirement of judicial impartiality, judicial economy and fairness to all parties.

Rule 84.04(a) provides that an appellate brief shall contain: (1) A detailed table of contents, with page references, and a table of cases (alphabetically arranged), statutes, and other authorities cited, with reference to the pages of the brief where they are cited; (2) A concise statement of the grounds on which jurisdiction of the review court is invoked; (3) A statement of facts; (4) The points relied on; (5) An argument, which shall substantially follow the order of the points relied on; and (6) A short conclusion stating the precise relief sought.

 Claimant's brief violates every subsection of Rule 84.04. First, Claimant's brief does not contain a table of contents or a jurisdictional statement. Second, Claimant's statement of facts fails to comply with Rule 84.04(c), which states that the statement of facts "shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument," and Rule 84.04(i), which requires that the statement of facts in an appellant's brief have specific page references to the legal file or the transcript. Claimant's seven-page handwritten statement of facts does not afford a complete and accurate understanding of the facts of the case, and contains no references to legal file or the transcript. Further, Claimant's brief fails to provide a point relied on, in violation of Rule 84.04(a)(4), and also does not contain an argument section, in violation of Rule 84.04(a)(5). Finally, the brief does not contain a conclusion, in violation of Rule 84.04(a)(6).

After Respondent raised these deficiencies in its brief, Claimant filed a reply brief wherein she attempted to correct these problems. In response to Claimant's reply brief, Respondent filed a motion to strike

---

1. All rule references are to Missouri Rules of Civil Procedure (2001).

Claimant's reply brief for failure to comply with Rule 84.04.

 Respondent's motion must be granted because Claimant's reply brief fails to comply with Rule 84.04. First, Claimant's reply brief contains a statement of facts that is not a "a fair and concise statement of the facts relevant to the questions presented for determination without argument," and there are no specific page references to the legal file or the transcript. *See* Rules 84.04(c) and 84.04(i). Second, in the points relied on and argument sections of her reply brief, Claimant raises new issues to be addressed by this Court. Claimant's initial brief, as aforementioned, lacked both points relied on and an argument. Claimant's points and arguments omitted from her initial brief may not be supplied by a reply brief. As a result of Claimant's failure to raise these allegations of error in her initial brief, they are not preserved for appellate review. *See Coyne v. Coyne*, 17 S.W.3d 904, 906 (Mo.App. E.D.2000) ("Appellate courts are generally precluded from addressing assertions made for the first time in a reply brief because a respondent has no opportunity to address the argument"). Claimant also enclosed with her reply brief fifteen pages of documents which were never admitted into evidence at the administrative hearing and which were not considered by the Commission. These documents cannot be considered on appeal. *See England v. Regan Marketing, Inc.*, 939 S.W.2d 62, 65 (Mo.App. S.D.1997).

As shown, Claimant's initial brief, as well as her reply brief, fall woefully short of any reasonable compliance with Rule 84.04. A failure to substantially comply with Rule 84.04 preserves nothing for appellate review. *Libberton v. Phillips*, 995 S.W.2d 66, 67 (Mo.App. S.D.1999). Allegations of error not properly briefed "shall not be considered in any civil ap-

peal." Rule 84.13(a). Accordingly, Claimant's appeal must be dismissed.

BARNEY, C.J., and RAHMEYER, J., concur.