David **CALL**, Appellant,

v.

**BRANSON ENTERPRISES, L.L.C., and Division of Employment Security, Respondents.**

No. 25150.

Missouri Court of Appeals, Southern District, Division One.

Feb. 14, 2003.

Appellant, pro se.

Marilyn Green & Cynthia Quetsch, Jefferson City, for Respondent.

1. Rule references are to Missouri Court Rules

ROBERT S. BARNEY, Judge.

■ David Call ("Appellant") appeals from a final Order of the Labor and Industrial Relations Commission that affirmed the decision of the Appeals Tribunal of the Missouri Division of Employment Security denying his claim for unemployment benefits. This Court dismisses the appeal.

■ Appellant appears pro se. Nevertheless, Appellant "is still bound by the same rules of procedure as are attorneys." *Hicks v. Div. of Emp. Sec.*, 41 S.W.3d 638, 640 (Mo.App.2001); *see also Russell v. Div. of Emp. Sec.*, 43 S.W.3d 442, 443 (Mo.App.2001).

Appellant's brief fails to comply with almost every applicable provision of Rule 84.04.[1] In particular, Appellant's brief fails to contain the following:

1. A detailed table of contents. Rule 84.04(a)(1).

2. A concise statement of the grounds on which jurisdiction of the review court is invoked. Rule 84.04(a)(2) and (b).

3. An adequate statement of facts. Rule 84.04(a)(3) and (c).

4. Any point relied on. Rule 84.04(d)(1).

5. An argument, which substantially follows the order of the Points Relied On. Rule 84.04(e).

6. Specific page references to the legal file or transcript. Rule 84.04(i).

'While this court recognizes the problems faced by pro se litigants, we cannot relax our standards for non lawyers.' It is not for lack of sympathy but rather it is necessitated by the requirement of judicial impartiality, judicial economy and fairness to all parties.

*Russell,* 43 S.W.3d at 443 (quoting *Sutton v. Goldenberg,* 862 S.W.2d 515, 517 (Mo. App.1993) (citation omitted)).

(2002).

"'A failure to substantially comply with Rule 84.04 preserves nothing for appellate review.'" *Brumfield v. Div. of Emp. Sec.*, 54 S.W.3d 741, 742 (Mo.App. 2001) (quoting *Burton v. Tucker*, 937 S.W.2d 775, 776 (Mo.App.1997)). "Allegations of error not properly briefed 'shall not be considered in any civil appeal.'" *Id.*; Rule 84.13(a)

Accordingly, we dismiss the appeal.

MONTGOMERY, P.J., and GARRISON, J., concur.