STATE of Missouri, Respondent,

v.

Arthur W. BROWN, Appellant.

No. WD 75623.

Missouri Court of Appeals,
Western District.

July 23, 2013.

Motion for Rehearing and/or Transfer
to Supreme Court Denied Aug.
27, 2013.

Daniel N. McPherson, Jefferson City, MO, for respondent.

Frank A. Conard, St. Peters, MO, for appellant.

Before Division Three: LISA WHITE HARDWICK, Presiding Judge, MARK D. PFEIFFER, Judge and CYNTHIA L. MARTIN, Judge.

CYNTHIA L. MARTIN, Judge.

Arthur Brown ("Brown") appeals from a judgment entered August 31, 2012 denying motions filed by Brown in 2011 and 2012 which sought to set aside a September 7, 1990 judgment entered following a jury verdict finding Brown guilty of the unclassified felony of forcible rape. We affirm.

### Factual and Procedural History

Brown was convicted of the unclassified felony of forcible rape following a jury trial on June 22, 1990. On September 7, 1990, the trial court entered its judgment of conviction, and imposed sentence of thirty years imprisonment ("September 7, 1990 Judgment"). We affirmed the conviction on direct appeal. *State v. Brown*, 820 S.W.2d 560, 560–61 (Mo.App. W.D.1991).

On November 18, 2011, Brown filed a *pro se* motion in his criminal case. Brown captioned the motion as a "Motion to Dismiss with Prejudice Pursuant to Rule 55.27(g)(3) and Motion for Relief from Judgment or Correction of Judgment Pursuant to Rules 74.06(b)(4) and 29.12(b) & (c) for Error and Lack of Subject Matter & Personal Jurisdiction" ("*Pro se* Motion to Dismiss"). Brown claimed that the State was erroneously permitted to amend its information on the last day of trial to change the charge from a class B felony of rape to the unclassified felony of forcible rape. Brown claimed the amendment violated Rule 23.08[1] and section 545.300[2] because the amendment charged him with a different offense and his rights were thereby substantially prejudiced. Brown

---

1. Rule 23.08 in effect in 1990 when the State's information was amended, provided, in pertinent part that "[a]ny information may be amended or substituted for an indictment at any time before verdict or finding if no additional or different offense is charged and if a defendant's substantial rights are not thereby prejudiced." Missouri Rules of Court 1990.

2. Section 545.300 in effect in 1990 provided, in pertinent part that "[a]n information may be amended either as to form or substance at any time before the jury is sworn, but no such amendment shall be allowed as would operate to charge an offense different from that charged in the original information." RSMo Section 545.300 (1986).

argued that because of these rule and statutory violations, the trial court had no jurisdiction to enter the September 7, 1990 Judgment, rendering the judgment void.

On April 20, 2012, an attorney entered an appearance for Brown. On May 18, 2012, Brown's attorney filed a second motion, captioned "Defendant's Motion to Dismiss with Prejudice ... for Error and Lack of Subject Matter & Personal Jurisdiction" ("Second Motion to Dismiss"). The Second Motion to Dismiss reasserted the claim made in the *Pro Se* Motion to Dismiss that the trial court exceeded its jurisdiction when it entered the September 7, 1990 Judgment because the State's amendment of the information violated Rule 28.03 and section 545.300.

The State filed a response addressing the merits of Brown's motions, but also moving to dismiss the motions. The State argued that Rules 55.27(g)(3) and 74.06(b)(4) apply to civil, not criminal, proceedings and afforded Brown no basis to seek review of his criminal conviction. The State also argued that although Rule 29.12(b) & (c) permits plain error review of unpreserved claims in criminal cases, it is not an independent procedural avenue for seeking review of a final judgment—particularly a criminal conviction. The State also argued that even if review of Brown's claim was procedurally permissible, the trial court's authorization of amendment of the information on the last day of Brown's trial did not divest the trial court of sub-

ject matter jurisdiction to enter the September 7, 1990 Judgment pursuant to the authority of *J.C.W. ex rel. Webb v. Wyciskalla,* 275 S.W.3d 249 (Mo. banc 2009). The State thus argued that Brown's motions constituted an improper collateral attack on the September 7, 1990 Judgment and/or a procedurally defaulted attempt to raise a Rule 29.15 [3] claim for post-conviction relief.

On August 31, 2012, the motion court [4] entered a judgment denying the *Pro Se* Motion to Dismiss and the Second Motion to Dismiss ("Judgment"). The motion court found that the amendment of the information on the last day of trial did not violate Rule 23.08 or section 545.300, and that in any event, Brown was not substantially prejudiced by the amendment. The Judgment also granted the State's motion to dismiss Brown's motions, finding that the relief sought by Brown was procedurally defaulted and should have been pursued via a timely Rule 29.15 motion.[5]

Brown's appeal follows.

### Analysis

■ Brown raises two points on appeal. Brown argues in his first point that the motion court erred in concluding that Rule 23.08 and section 545.300 were not violated by the State's amendment of the information. Brown argues in his second point that the motion court erred in concluding that Brown was not prejudiced by the

---

3. In 1990, Rule 29.15 required Brown to file a motion for post-conviction relief "within thirty days after the filing of the transcript on appeal" if an appeal is taken from the judgment, or "within ninety days of the date the person is delivered to the custody of the department of corrections" if no appeal is taken from the judgment. Missouri Rules of Court 1990.

4. The trial court and the motion court were one in the same. The Honorable Edith L.

Messina presided over Brown's criminal trial and sentencing and entered the September 7, 1990 Judgment. Judge Messina also entertained and ruled on the *Pro Se* Motion to Dismiss and the Second Motion to Dismiss.

5. The Judgment reflects that Brown filed two Rule 29.15 motions in 2005 and 2007, both of which were denied as untimely and successive.

State's late amendment of the information. Brown does not claim error with respect to the motion court's grant of the State's motion to dismiss. This is fatal to Brown's appeal.[6]

■ It is the appellant's "burden on appeal to demonstrate that the trial court's judgment was incorrect on any basis supported by the record and the applicable law." *Landry v. Miller*, 998 S.W.2d 837, 840 (Mo.App. W.D.1999) (abrogated on other grounds) (internal citation omitted). "An appellant's failure to challenge a finding and ruling that would support the conclusion complained about is fatal to an appeal." *Loven v. Greene County*, 94 S.W.3d 475, 478 (Mo.App. S.D.2003); *see also City of Peculiar v. Hunt Martin Materials, LLC*, 274 S.W.3d 588, 590–91 (Mo. App. W.D.2009) (holding that to establish grounds for reversal, an appellant must challenge all grounds on which the trial court ruled against it); *Sieg v. Sieg,* 255 S.W.3d 20, 22 (Mo.App. W.D.2008); *City of Lee's Summit v. Browning*, 722 S.W.2d 114, 115 (Mo.App. W.D.1986).

■ Here, regardless whether the motion court correctly assessed the merit of Brown's motions,[7] the motion court dismissed the motions, finding they asserted a claim that was procedurally barred. The necessary predicate to this determination was the trial court's acceptance of the State's argument in its motion to dismiss that the trial court did not lose jurisdiction to enter the September 7, 1990 Judgment when it permitted amendment of the State's information. The motion court's grant of the State's motion to dismiss is

6. Brown's brief violates numerous subsections of Rule 84.04. That rule provides that "an appellate brief shall contain: (1) A detailed tabled of contents, with page references, and a table of cases (alphabetically arranged), statutes, and other authorities cited, with reference to the pages of the brief where they are cited; (2) A concise statement of the grounds on which jurisdiction of the review court is invoked; (3) A statement of facts; (4) The points relied on; (5) An argument, which shall substantially follow the order of the points relied on; and (6) A short conclusion stating the precise relief sought." *Russell v. Div. of Employment Security*, 43 S.W.3d 442, 443 (Mo.App. S.D.2001). Brown fails to reference the pages in his Brief wherein cases and statutes are cited. Though Brown provides a statement of facts, the statement ends with his conviction in 1990, and affords the court with no information about the procedural history thereafter. Moreover, the few facts set forth do not have specific page references to the legal file or a transcript as required by Rule 84.04(i). Brown's points relied on are woefully deficient, and do not comport with Rule 84.04(d). "A failure to substantially comply with Rule 84.04 preserves nothing for appellate review." *Russell*, 43 S.W.3d at 444. We have elected not to dismiss Brown's appeal based on his several material Rule 84.04 violations as we can otherwise dispose of Brown's appeal based on his failure to claim error as to each independent basis supporting the motion court's Judgment.

7. The State argues, and we are inclined to agree, that the motion court should not have addressed the merits of Brown's motion because his motion, filed pursuant to inapplicable rules, possessed no legal or equitable significance. The State thus argues that this appeal should be dismissed because no statute provides a right of appeal from a motion such as the one filed by Brown. See *State v. Tyler*, 349 S.W.3d 430, 432 (Mo.App. W.D.2011). However, the motion court not only considered and ruled on the merits of Brown's motion, it also granted the State's motion to dismiss on the alternatively expressed basis that Brown's claims were not an attack on the trial court's jurisdiction and should have been raised on direct appeal. The State suggested during oral argument that Brown might be entitled to claim a right of appeal from the grant of the State's motion to dismiss on this basis. Whether or not that is the case, and to avoid injecting further issues into this case, we have elected to address the merits in lieu of merely dismissing Brown's appeal, notwithstanding the procedural frailties of his motion.

not challenged by Brown on appeal. We observe, *ex gratia*, however, that the trial court did not err in granting the State's motion to dismiss.

 In *Webb*, our Supreme Court clarified that "[s]ubject matter jurisdiction ... [refers to] the court's authority to render a judgment in a particular category of case." 275 S.W.3d at 253. A court's authority to render a judgment in a particular category of case, and thus its subject matter jurisdiction, is controlled by the Missouri Constitution, and not by statute. *Id.* The Missouri Constitution "sets forth the subject matter jurisdiction of Missouri's circuit courts in plenary terms, providing that '[t]he circuit courts shall have original jurisdiction over *all* cases and matters, civil and criminal.'" *Id.* (quoting Mo. Const. Art. V, section 14). Thus, circuit courts have subject matter jurisdiction over criminal cases. *Greene v. State*, 332 S.W.3d 239, 246 (Mo.App. W.D.2010). The September 7, 1990 Judgment was entered in a criminal case. The trial court had subject matter jurisdiction over Brown's criminal proceedings.

 The concept of "subject matter jurisdiction" argued by Brown in his motions (though not addressed in his Brief on appeal) is the concept of "jurisdictional competence," which, as our Supreme Court noted in *Webb*, "often is confused with subject matter jurisdiction." 275 S.W.3d at 254. "Jurisdictional competence" encompasses a panoply of trial court error impacting the "'court's authority to render a particular judgment in a particular case,'" as opposed to its "'authority to decide the general issue before it.'" *Id.* (quoting *In re Marriage of Hendrix*, 183 S.W.3d 582, 588 (Mo. banc 2006)). Within the parameters of "jurisdictional competence" fall claims that a trial court has violated a statute which purports to restrain the court's power or authority. *Id.*

at 254–55. Pursuant to *Webb*, "there is no ... category of jurisdiction called" "jurisdictional competence." *Id.* at 254. Rather, "a statute [that] speaks in jurisdictional terms or can be read in such terms, [should be] read ... as merely setting statutory limits on remedies or elements of claims for relief that courts may grant." *Id.* at 255. Simply stated, a claim that a trial court has exceeded its statutory power or authority does not implicate the trial court's subject matter jurisdiction. "The circuit court's statutory or common law authority to grant relief in a particular case differs from the circuit court's constitutionally granted subject matter and personal jurisdiction." *Hightower v. Myers*, 304 S.W.3d 727, 733 (Mo. banc 2010).

In fact, long before *Webb*, our Supreme Court rejected a claim that "when an amended information violates Rule 23.08 and section 545.300, the amended information and the subsequent proceedings upon it are a nullity because the 'defective information' deprives the trial court of jurisdiction." *State v. Simpson*, 846 S.W.2d 724, 727 (Mo.1993). The court found:

> "[S]ubject matter jurisdiction of the circuit court and the sufficiency of the information or indictment are two distinct concepts. The blending of those concepts serves only to confuse the issue to be determined. Circuit courts obviously have subject matter jurisdiction to try crimes."

*Id.* (quoting *State v. Parkhurst*, 845 S.W.2d 31, 35 (Mo. banc 1992)).

 Brown framed the claim of trial court error in his motions in terms of subject matter jurisdiction. However, his claim is nothing more than a claim that the trial court exceeded its power or authority as expressed in Rule 23.08 and section 545.300. To be preserved, this claim of error had to be raised in Brown's direct

appeal from the September 7, 1990 Judgment, or in a Rule 29.15 motion filed within thirty days of the filing of a transcript for the direct appeal.[8]

## Conclusion

■ Because Brown fails to claim error on appeal relating to the independent basis for the motion court's Judgment granting the State's motion to dismiss, the Judgment must be affirmed.[9],[10]

All concur.

8. Arguably, Brown's claim of trial court error would not have been cognizable in a Rule 29.15 motion because it is the type of claim that must be raised on direct appeal. *State v. Carter*, 955 S.W.2d 548, 555 (Mo. banc 1997) (holding that trial court error "[i]s outside the scope of a Rule 29.15 motion"). However, we need not resolve that issue here, as the claim of trial court error was not raised in either Brown's direct appeal or in a timely filed Rule 29.15 motion. Moreover, the version of Rule 29.15 in effect at the time of Brown's direct appeal afforded a defendant a concurrent appeal from his conviction and from denial of Rule 29.15 relief, blurring the focus on whether a claim should have been brought in a direct appeal or in a Rule 29.15 motion. See *McIntyre v. State*, 784 S.W.2d 318, 319 (Mo.App. E.D.1990).

9. In his Reply Brief, Brown argues that he "is challenging subject matter jurisdiction of the trial court to enter judgment and sentence against him because the court did not comply with section 545.300." [Reply Brief, p. 5]. We will not entertain points and arguments first raised on appeal in a reply brief. *Coyne v. Coyne*, 17 S.W.3d 904, 906 (Mo.App. E.D. 2000). In any event, though Brown's Reply Brief repeats the assertion from his motions that the trial court lacked subject matter juris-

diction to enter the September 7, 1990 Judgment, Brown still fails to address the motion court's grant of the State's motion to dismiss his motions.

10. During oral argument, Brown urged this court to treat his motion as a request for habeas relief under Rule 91. Brown offers no authority compelling consideration of his delinquent request. We have already held that Brown's claim of error should have been raised on direct appeal or in a timely Rule 29.15 motion. "Habeas corpus is not a substitute for appeal or post-conviction proceedings." *State ex rel. Simmons v. White*, 866 S.W.2d 443, 446 (Mo.banc 1993). The exceptions to this rule are narrow and do not appear to apply to Brown's circumstances. See *Amrine v. Roper*, 102 S.W.3d 541, 546 (Mo. banc 2003) (holding procedurally defaulted claims cannot be raised in a habeas corpus petition unless the claim relates to a jurisdictional issue, or the petitioner demonstrates a manifest injustice (typically evidence of actual innocence) sufficient to establish a gateway permitting review of a barred claim, or the petitioner establishes the gateway of cause and prejudice).