John J. SMITH, Appellant,

v.

Lora J. SMITH, Respondent.

No. ED 104481

Missouri Court of Appeals,
Eastern District,
DIVISION FOUR.

FILED: March 28, 2017

Application for Transfer to Supreme
Court Denied May 16, 2017

John J. Smith, Troy, MO, for appellant.

David J. Howard, Town & Country, MO, for respondent.

KURT S. ODENWALD, Judge

### Introduction

John J. Smith ("Smith") appeals from the denial of his Rule 74.06(b)(4)[1] motion seeking relief from a 2007 judgment entered by Judge Thomas J. Frawley ("Judge Frawley") dissolving Smith's marriage to Lora J. Smith ("Lora").[2] After both parties moved to modify the original judgment, Judge Frawley was disqualified in 2009 from presiding over the motion-to-modify proceedings. On appeal, Smith argues that Judge Frawley's disqualification in the motion-to-modify proceedings conclusively established that Judge Frawley demonstrated actual bias against Smith at the time he entered the original judgment, rendering said judgment void *ab initio* and in violation of Smith's constitutional right to a fair tribunal. Because Smith is estopped from asserting the 2009 disqualification as a challenge to the original 2007 judgment, we affirm the judgment of the trial court.

### Factual and Procedural History

The parties have litigated the circumstances surrounding the dissolution of their marriage since 2005. We will address the various actions separately.

### I. The Original Divorce Proceeding and the Subsequent Direct Appeals

Smith filed suit seeking the dissolution of the parties' marriage in November 2005. After all judges in the Eleventh Circuit recused themselves, the Supreme Court of Missouri assigned Judge Frawley to adju-

---

1. All rule references are to Mo. R. Civ. P. (2015), unless otherwise stated.

2. To avoid confusion, we will use the name "Lora."

dicate the divorce proceeding. Contentiously litigated and bitterly disputed, the case proceeded to a bench trial. Judge Frawley entered a judgment dissolving the marriage and awarding Lora $650 a month in maintenance in December 2007. Smith appealed the dissolution judgment. We dismissed the appeal for failure to comply with Rule 84.04 and Rule 81.12. Smith v. Smith (In re Marriage of Smith), 283 S.W.3d 271, 273 (Mo. App. E.D. 2009).

While that appeal was pending, Lora filed a motion seeking appellate attorney's fees with the trial court. Smith requested assignment of a special judge to hear Lora's motion, which Judge Frawley denied. Smith then moved for a change of judge under Rule 51.05,[3] which was denied. Smith then moved for a change of judge under Section 508.090 [4] to hear the motion for attorney's fees and the motion-to-modify case (discussed infra). After the appeal was dismissed in April 2009, Judge Frawley awarded Lora her attorney's fees on appeal. Smith appealed this ruling, but we again dismissed Smith's appeal for failure to comply with this Court's rules.

## II. The Motions to Modify the Original Dissolution and the Subsequent Writs

In December 2008, Smith filed a motion to modify the original dissolution judgment. Lora filed a cross-motion to modify the judgment and asked the Court to find Smith in contempt. Smith moved for a change of judge under Section 508.090 in both the motion-to-modify case and in the original divorce proceeding. In his motion, Smith alleged that Judge Frawley improperly used an unverified Statement of Income and Expenses to calculate Smith's finances in the original divorce judgment. The unverified statement was admitted into evidence at trial. Smith also alleged that Judge Frawley incorrectly found the date of Lora's return to full-time employment when calculating the maintenance award. Smith further claimed that Judge Frawley angrily interrupted him during a telephone conference over a post-judgment discovery dispute by declaring, "I'm not a fool, Mr. Smith." As a result, Smith maintained:

> That Judge Frawley's behavior during the telephone status conference, his continued refusal to have open and transparent hearings on the record, his continual manipulation of the facts and findings to [Smith's] disadvantage and [Lora's] advantage has demonstrated actual hostility and prejudice toward [Smith] such that [Smith] has just cause to believe that he cannot have a fair trial with respect to the motion for attorney fees on appeal and the motion to modify in these causes.

Judge Frawley ordered the appointment of a special judge to rule upon Smith's request for a change of judge. The Supreme Court of Missouri assigned Judge T. Bennett Burkemper, Jr. ("Judge Burkemper") to adjudicate the motion. After an evidentiary hearing in December 2009, Judge Burkemper granted Smith's motion for change of judge. Judge Burkemper disqualified Judge Frawley from the motion-to-modify proceedings without issuing any findings of facts.

After Judge Frawley's disqualification, the Supreme Court of Missouri assigned the motion-to-modify case to Judge Karl A. DeMarce ("Judge DeMarce"). In preparing for trial, Smith took depositions, propounded discovery requests, argued various motions, and collected evidence. After the completion of substantial discov-

3. Mo. R. Civ. P. (2008).

4. All statutory references are to RSMo (2000).

ery, Judge DeMarce held a trial to adjudicate the cross-motions to modify the original divorce judgment. Judge DeMarce denied both motions to modify, and in June 2011 ordered "that all terms of the original Judgment of Dissolution, dated December 21, 2007, are confirmed and remain in full force and effect." Judge DeMarce further found Smith in contempt of the original divorce judgment. Smith did not appeal Judge DeMarce's judgment in the motion-to-modify proceedings.

Lora subsequently filed a motion to enforce the judgment, asked the court to find Smith in contempt, and sought an award of attorney's fees.[5] Judge DeMarce found Smith in contempt and ordered Smith jailed. Smith filed a writ of prohibition in this court contesting the contempt finding, arguing that Judge Burkemper's 2009 order disqualifying Judge Frawley necessarily invalidated the 2007 original divorce judgment and all subsequent proceedings. We denied the writ.

### III. The Declaratory Judgment and the Subsequent Appeals

In October 2011, Smith filed a declaratory judgment action seeking a declaration that the original judgment of dissolution entered in 2007 was invalid due to Judge Frawley's purported bias. After a hearing, the trial court determined that it lacked subject-matter jurisdiction and dismissed Smith's petition with prejudice. The trial court found that Smith had failed to appeal Judge DeMarce's judgment on the motions to modify and that Smith was unsuccessful in his direct appeal of Judge Frawley's original judgment. The trial court dismissed the declaratory judgment petition as an improper collateral attack on the final underlying judgment. Smith appealed

this ruling, which we dismissed for failure to comply with Rule 84.04 and Rule 81.12. Smith v. Smith, 455 S.W.3d 26, 26 (Mo. App. E.D. 2014). Smith's application for transfer to the Supreme Court of Missouri was denied.

### IV. The Rule 74.06(b)(4) Motion and the Instant Appeal

In January 2015, Smith filed a Rule 74.06(b)(4) motion again seeking relief from the original judgment of dissolution. Smith argued that Judge Frawley's original 2007 judgment was void ab initio. According to Smith, Judge Burkemper's December 2009 order disqualifying Judge Frawley in the motion-to-modify proceedings conclusively established that Judge Frawley acted with actual prejudice and hostility when entering the original judgment, thereby violating Smith's constitutional right to a fair tribunal. Because his request for change of judge was granted, Smith maintained that all facts alleged in his motion were adjudicated to be true— including his claim that Judge Frawley was actually hostile and prejudiced during the underlying divorce proceedings. Therefore, Smith requested that the trial court set aside the original divorce judgment and all subsequent orders in the litigation surrounding the divorce, including all attempts to collect on Smith's accrued maintenance obligation.

The trial court denied Smith's motion after a hearing. The trial court ruled that Smith was unable to overcome the presumption that the underlying divorce judgment was valid and that the disqualification of Judge Frawley under Section 508.090 in 2009 did not render acts taken by Judge Frawley prior to the disqualification order void ab initio. Further, the trial

---

5. Lora also initiated later actions seeking to enforce the divorce judgment and requesting other forms of relief. These later attempts to enforce the divorce judgment are not relevant to this appeal.

court concluded that Smith's prior, unsuccessful attempts to litigate this issue presently barred his Rule 74.06(b)(4) claim.

Smith appealed, and we dismissed the appeal for lack of a final judgment. After a hearing, the trial court certified that its denial of Smith's Rule 74.06(b)(4) motion was a final judgment. We granted Smith leave to file a late notice of appeal. Lora moved to dismiss Smith's appeal for failure to comply with Rule 84.04, whereupon Smith moved to strike Lora's brief for failure to comply with appellate briefing requirements. After taking both motions with the case, we now deny both motions.

## Point on Appeal

In his sole point on appeal, Smith argues that the trial court erred in denying his Rule 74.06(b) motion because Judge Burkemper's 2009 order disqualifying Judge Frawley conclusively established that Judge Frawley acted with actual hostility and prejudice in rendering the original divorce judgment. Therefore, Smith reasons that Judge Frawley's judgment violated Smith's due process rights to a fair tribunal and rendered the original divorce decree and all subsequent proceedings void *ab initio*.

## Standard of Review

 A trial court's adjudication of a Rule 74.06(b) motion "is in the nature of an independent proceeding and is appealable." Bate v. Greenwich Ins. Co., 464 S.W.3d 515, 517 (Mo. banc 2015). Generally, the trial court's ruling on such a Rule 74.06(b) motion is reviewed for abuse of discretion. Id. "However, we review *de novo* whether a judgment should be vacat-

ed because it is void." Morris v. Wallach, 440 S.W.3d 571, 575 (Mo. App. E.D. 2014).

## Discussion

 "Rule 74.06 governs the setting aside of judgments." Morris, 440 S.W.3d at 576. Specifically, Rule 74.06(b)(4) provides that a court may relieve a party from a final judgment if the final judgment is void. Rule 74.06(b)(4); Christianson v. Goucher, 414 S.W.3d 584, 588 (Mo. App. W.D. 2013). Under this rule, a judgment is void if "the court that rendered it lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process of law." Forsyth Fin. Grp., LLC v. Hayes, 351 S.W.3d 738, 740 (Mo. App. W.D. 2011). There are no strict time limitations on when a litigant may request relief from a void judgment under Rule 74.06(b).[6] Id.

 "The concept of a void judgment is 'narrowly restricted' under Rule 74.06." Id. This stricture protects the strong public policy interest in the finality of judgments. Ground Freight Expeditors, LLC v. Binder, 407 S.W.3d 138, 143 (Mo. App. W.D. 2013). "A judgment is not void merely because it is erroneous." Forsyth Fin. Grp., LLC, 351 S.W.3d at 740. Accordingly, mistakes involving an alleged misinterpretation or misapplication of the law by the court are to be corrected on direct appeal. Love v. Bd. of Police Comm'rs, 943 S.W.2d 862, 863 (Mo. App. E.D. 1997).

 A void judgment is a legal nullity; it binds no one and is not entitled to any respect. Boston v. Boston (In re Marriage of Boston), 104 S.W.3d 825, 831 (Mo. App. S.D. 2003). As a result, "[a] void judgment cannot be brought back to life."

---

**6.** Rule 74.06(c) provides that any action to relieve a party from a final judgment under Rule 74.06(b) must be brought within a reasonable time. Kerth v. Polestar Entm't, 325 S.W.3d 373, 387 n.15 (Mo. App. E.D. 2010). However, case law establishes that the reasonable-time limit does not apply to void judgments. Id.

State ex rel. Houston v. Malen, 864 S.W.2d 427, 430 (Mo. App. S.D. 1993) (quoting Larimer v. Robertson, 800 S.W.2d 154, 155 (Mo. App. S.D. 1990)). However, the parties to a void judgment may be estopped from challenging the validity of a judgment under certain circumstances. State ex rel. York v. Daugherty, 969 S.W.2d 223, 225 (Mo. banc 1998). Indeed, a party may estop himself or herself from challenging the validity of the judgment by taking voluntary acts that expressly or impliedly recognize the validity of the judgment. See Cmty. Trust Bank v. Anderson, 87 S.W.3d 58, 65–66 (Mo. App. S.D. 2002); Perkel v. Stringfellow, 19 S.W.3d 141, 149–150 (Mo. App. S.D. 2000); Schulte v. Schulte, 949 S.W.2d 225, 226 (Mo. App. E.D. 1997).

■ Here, Smith posits that the original 2007 dissolution judgment is void because Judge Frawley demonstrated actual hostility and prejudice towards him as irrefutably determined by Judge Burkemper's disqualification of Judge Frawley in the subsequent motion-to-modify proceedings. We note that Smith's present action under Rule 74.06 is neither the first time nor the first opportunity that Smith has had to present this claim. Smith either knew or could have known of Judge Frawley's purported prejudice, or appearance thereof, at the time Judge Frawley entered the original dissolution decree in 2007. To the extent that Smith assigns trial-court error to Judge Frawley's failure to *sua sponte* recuse himself in that proceeding, Smith should have raised this allegation of error in his direct appeal. Smith did not. Importantly, Rule 74.06(b)(4) is not an alternative to direct appeal. See Love, 943 S.W.2d at 863. Assertions that the trial court erroneously applied the law, known by the litigants at the time of direct appeal, should be raised therein. See id.

■ Moreover, to the extent Smith alleges the trial court acted in a manner depriving Smith of his right to due process of law, Smith unquestionably knew of Judge Frawley's purported bias when Smith sought to disqualify Judge Frawley for actual prejudice in the motion-to-modify proceedings. Notably, even though Judge Frawley was disqualified in the motion-to-modify proceedings in 2009, Smith did not seek then to invalidate the underlying judgment and did not assert that the underlying judgment was void. Instead, after Judge Frawley was disqualified, Smith amended his motion to modify, filed discovery requests, took depositions, argued various motions, and collected evidence in preparation for trial. The record shows that Smith took full and complete advantage of his opportunity to litigate the motions to modify before Judge DeMarce. Smith consciously decided to participate fully in the proceedings before Judge DeMarce and recognized the authority of the trial court to modify the underlying divorce judgment. In so doing, Smith's acts were wholly inconsistent with the position that he now asserts, i.e., that the underlying judgment, and all subsequent proceedings, were void *ab initio* due to Judge Frawley's purported bias and hostility.[7] Only *after* Judge DeMarce ruled against Smith in the motion-to-modify proceedings did Smith assert the invalidity of the un-

---

7. A party challenging the validity of the original judgment on direct appeal is not necessarily precluded from a concurrent attempt to modify the original judgment. See Meier v. Meier, 306 S.W.3d 692, 699 (Mo. App. E.D. 2010); State ex rel. State of Kan. Soc. & Rehab. Servs. v. R.L.P., 157 S.W.3d 268, 272– 73 (Mo. App. S.D. 2005). However, after the direct appeal of the original judgment is resolved, an action that recognizes and asserts the validity of the underlying judgment is necessarily inconsistent with later arguing that the original judgment was void.

derlying judgment. Smith is estopped from challenging the validity of the original divorce judgment because knowing all the relevant facts, he asserted that challenge only after an adverse judgment was entered against him in the motion-to-modify proceedings.

Further, the record reveals that Smith did not appeal Judge DeMarce's judgment which expressly reaffirmed Judge Frawley's original dissolution and judgment decree. Smith consciously elected not to appeal Judge DeMarce's judgment. By not appealing Judge DeMarce's findings and conclusions, Smith failed to preserve any claims of error as to Judge DeMarce's final judgment, which we again note expressly reaffirmed the original dissolution decree. Judge DeMarce's judgment became final and binding upon both parties. See Allison v. Allison, 253 S.W.3d 91, 95 (Mo. App. S.D. 2008). In failing to appeal from Judge DeMarce's judgment, and by fully participating in the motion-to-modify proceedings, Smith is now estopped here from raising his constitutional challenge to the validity of the original divorce judgment.[8] We do not address the substance of Smith's point and do not suggest that his point either has or lacks merit.

Smith recognized and relied upon the validity of the underlying judgment while he litigated the motions to modify. Smith elected not to appeal from Judge DeMarce's ruling on the motions to modify. Given the circumstances of this case, Smith is estopped from challenging the validity of the original dissolution judgment and is barred from raising this argument on appeal. We bring Smith's lengthy and circuitous challenge to the 2007 disso-

lution judgment to the end mandated by law, equity and fairness to all parties. Point One is denied.

### Conclusion

The judgment of the trial court is affirmed.

James M. Dowd, P.J., concurs.

Gary M. Gaertner, Jr., J., concurs.

---

**8.** Smith also filed a declaratory-judgment action and a writ of prohibition with this Court, where he made the same arguments that he now raises. These claims were rejected. Smith will not be allowed to continue making this same argument in perpetuity. A litigant only has one opportunity to make such an argument, even if it goes to the very validity of a judgment. See Cain v. Porter, 309 S.W.3d 387, 390 (Mo. App. W.D. 2010).