**CORRECTION MADE**
**June 11, 2024**



# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| **DEBORAH BOWLIN,** | ) | |
| | ) | |
| **Respondent,** | ) | |
| | ) | **WD86671** |
| **v.** | ) | |
| | ) | **OPINION FILED:** |
| | ) | **June 4, 2024** |
| **JASON A. STEVENS,** | ) | |
| | ) | |
| **Appellant.** | ) | |

**Appeal from the Circuit Court of Jackson County, Missouri**
**The Honorable Jennifer M. Phillips, Judge**

**Before Division Three:** Cynthia L. Martin, Presiding Judge,
Mark D. Pfeiffer and Edward R. Ardini, Jr., Judges

Mr. Jason Stevens ("Father") appeals from the Circuit Court of Jackson County, Missouri's ("trial court") denial of his Rule 74.06[1] motion to vacate a judgment awarding joint custody over minor child K.B. to Father and K.B's maternal grandmother, Deborah Bowlin ("Grandmother"). We affirm.

---

[1] All rule references are to I Missouri Court Rules-State 2022.

On July 8, 2019, when K.B. was four years old, his mother unexpectedly passed away. On February 12, 2020, Grandmother filed a Petition for Declaration of Third-Party Custody ("Petition") with the trial court. The Petition requested that Grandmother be granted sole legal and physical custody of K.B. pursuant to section 452.375.5(5)(a)[2] and asked that Father[3] be ordered to pay child support to Grandmother. The Petition also alleged Father was an unfit parent. Father filed an Answer denying all allegations of unfitness, and thereafter, Grandmother and Father each filed proposed parenting plans with the trial court.

On the day of trial, Grandmother and Father notified the trial court that a settlement had been reached. Subsequently, the parties filed a Joint Stipulated Final Parenting Plan ("the Stipulated Plan"). The Stipulated Plan stated it was entered into and agreed upon by and between Father, Grandmother, and a court-appointed guardian ad litem. On June 10, 2021, the trial court entered a judgment awarding Grandmother and Father "joint" legal and physical custody pursuant to section 452.375 ("the Judgment"). The Judgment incorporated the Stipulated Plan without revision. The Judgment resembled in all respects a standard agreement between two "parents," including boilerplate language for attendance at events, joint communication, and access to medical records. Father did not appeal the Judgment.

---

[2] All statutory references are to the Revised Statutes of Missouri 2016, as supplemented.

[3] Father's paternity was established in a separate paternity proceeding.

On August 4, 2022, over a year after the Judgment became final,[4] Father filed a motion to vacate pursuant to Rule 74.06(b), asserting the Judgment was void as a matter of law. The thrust of Father's Rule 74.06 motion was that the trial court misapplied section 452.375 by awarding joint custody between a third party (Grandmother) and a natural parent (Father). On January 6, 2023, the trial court denied Father's Rule 74.06 motion. Father appeals that ruling.[5]

"Rule 74.06 is not intended as an alternative to a timely appeal." *State ex rel. Koster v. Walls*, 313 S.W.3d 143, 147 (Mo. App. W.D. 2010) (quoting *Love v. Bd. of Police Comm'rs*, 943 S.W.2d 862, 863 (Mo. App. E.D. 1997)). When a final judgment is not challenged on direct appeal—as is the case here—it is enforceable so long as the issuing court validly had jurisdiction, even if it contains legal error. *Moore v. Moore*, 484 S.W.3d 386, 391 (Mo. App. W.D. 2016) (holding that an unchallenged final judgment is enforceable, even if legally erroneous, so long as the court did not err in concluding it could validly exercise personal and subject matter jurisdiction); *Noakes v. Noakes*, 168 S.W.3d 589, 598 (Mo. App. W.D. 2005) ("Nothing is better settled than the principle that an erroneous judgment has the same *res judicata* effect as a correct one."); *State ex rel*

---

[4] "A judgment becomes final at the expiration of thirty days after its entry if no timely authorized after-trial motion is filed." Rule 81.05(a)(1).

[5] We have jurisdiction over the trial court's Rule 74.06 ruling because Rule 74.06 proceedings are separate proceedings that produce separate and appealable judgments. *Yanuzzi v. Dir. of Revenue*, 14 S.W.3d 618, 620 (Mo. App. E.D. 1999) (footnote omitted) ("Director attacked the June 19th final judgment in an independent action pursuant to Rule 74.06(b)(4) and the court entered a separate judgment denying Director's motion. That judgment denying Director's Rule 74.06(b) motion was a separate, appealable judgment.").

3

*McGrew Coal Co. v. Ragland*, 97 S.W.2d 113, 116 (Mo. banc 1936) ("It has been said that when a court has jurisdiction, it has jurisdiction to commit error, that if a judgment be merely irregular, the courts of the country pronouncing the judgment are the exclusive judges of that irregularity, and their decision binds the world."); *Baxi v. United Techs. Auto. Corp.*, 122 S.W.3d 92, 96 (Mo. App. E.D. 2003) (citations omitted) ("A judgment is 'void' under Rule 74.06 only if the court that rendered it lacked jurisdiction of the parties or the subject matter or acted in a manner inconsistent with due process of law. A judgment is not void simply because it is erroneous . . . .").

Here, Father fully participated in the proceedings leading up to the Judgment, including working alongside Grandmother and the guardian ad litem to formulate a *stipulated* parenting plan to be incorporated into the Judgment. And though Father attempts to frame his arguments as jurisdictional,[6] his real complaint is that the trial court

---

[6] Father conflates a trial court exceeding its statutory authority with exceeding its jurisdiction. But "a claim that a trial court has exceeded its statutory power or authority does not implicate the trial court's subject matter jurisdiction." *State v. Brown*, 406 S.W.3d 460, 464 (Mo. App. W.D. 2013). "Because a child custody dispute is a civil case, the circuit court has constitutionally vested subject matter jurisdiction over the dispute." *Al-Hawarey v. Al-Hawarey*, 388 S.W.3d 237, 243 (Mo. App. E.D. 2012) (citing *Ketteman v. Ketteman*, 347 S.W.3d 647, 654 (Mo. App. W.D. 2011)).

Father additionally argues that K.B. should have been added as a necessary party. This argument also fails to implicate jurisdictional considerations. Father had multiple opportunities to request that K.B. be added in the proceedings below, but the objection was not raised until now. Father's failure to timely raise the objection means the objection is waived and does not subject the Judgment to collateral attack under Rule 74.06. *See Casper v. Lee*, 245 S.W.2d 132, 139 (Mo. banc 1952) ("[F]ailure to join the trustee as a party defendant was not an irregularity justifying the setting aside of the judgment."). More importantly, "[t]he absence of a necessary party is not fatal to jurisdiction." *Edmunds v. Sigma Chapter of Alpha Kappa*, 87 S.W.3d 21, 27 (Mo. App. W.D. 2002).

erroneously applied the law.[7]  But, our state's precedent is clear that Rule 74.06(b)(4)

cannot be used to collaterally attack a judgment based on mistakes of law.  *See, e.g.,*

*Gibson v. White*, 904 S.W.2d 22, 25 (Mo. App. W.D. 1995) (holding that mistakes of law

do "not constitute grounds to set aside a judgment under Rule 74.06(b)"); *Love*, 943

S.W.2d at 863 (clarifying that alleged misapplications of law are mistakes of law under

Rule 74.06).  Such "mistakes" should have been raised by Father on *direct* appeal from

the Judgment.  *Noakes*, 168 S.W.3d at 598 ("[A]ny mistake of law should have been

addressed on direct appeal."); *Love*, 943 S.W.2d at 863 (application to Rule 74.06).

Thus, the Judgment is not void under Rule 74.06.

Accordingly, the trial court's denial of Father's Rule 74.06 motion is affirmed.[8]

_____
Mark D. Pfeiffer, Judge

Cynthia L. Martin, Presiding Judge, and Edward R. Ardini, Jr., Judge, concur

---

[7] For example, Father argues in his appellate briefing that, "It is clear the trial court incorrectly applied and interpreted Section 452.375 RSMo and the [Uniform Parentage Act]."

[8] Grandmother filed a motion to dismiss that was taken with the case.  In light of our holdings herein, Grandmother's motion to dismiss is denied as moot.