

# In the Missouri Court of Appeals
## Eastern District
### DIVISION ONE

| | | |
|---|---|---|
| FRANCIS WOLO, | ) | No. ED112428 |
| | ) | |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | St. Francois County |
| vs. | ) | 21SF-DR00025 |
| | ) | |
| CHRISTINA WOLO, | ) | Honorable Patrick L. King |
| | ) | |
| Appellant.      . | ) | Filed: November 5, 2024 |

Before James M. Dowd, P.J., Angela T. Quigless, J., and Cristian M. Stevens, J.

**Opinion**

The appeal in this marriage dissolution case concerns an April 5, 2021 default judgment entered against Christina Wolo (Wife) after she failed to file an answer or otherwise respond to the petition for dissolution filed by Francis Wolo (Husband). The trial court denied Wife's motion to set aside the default judgment and she now appeals alleging the trial court erred because the judgment was void ab initio due to defective service of process. Specifically, Wife claims (1) the person who effectuated service in this case was not the special process server appointed by the trial court to serve the petition as required by section 506.140[1], and (2) Wife

---

[1] All statutory references are to the Revised Statutes of Missouri (2016).

was not personally served and the person served was not a member of Wife's household as required by Rule 54.13[2].

We affirm because Wife is estopped from challenging the service of process and resulting default judgment since in November 2021, over six months after the default judgment's entry, she filed and litigated a motion to modify the judgment and failed to raise any issue at that time regarding service or the jurisdiction of the trial court.

Background

Husband and Wife separated in October 2020 and Husband filed his petition for dissolution on January 21, 2021. Husband asked the court to appoint Always Available Service as the special process server to effectuate service of the petition on Wife. The return of service stated that on February 4, 2021, an employee (Employee) of Always Available Service effectuated service of the summons at Wife's Bonne Terre, Missouri residence by leaving a copy of the summons and petition with someone present at that home named B.M.

Wife did not file an answer or otherwise respond to the petition. On March 5, 2021, Husband filed his motion for default judgment which the trial court set for hearing on April 5, 2021. At that hearing, the court entered judgment by default awarding Husband sole legal and physical custody of the parties' minor child, granted wife certain visitation, ordered Wife to pay child support, and awarded Husband the marital residence and his retirement accounts.

On November 1, 2021, Wife filed a motion to modify the judgment. The motion did not seek to set aside the judgment and did not argue that service was defective or that the court lacked personal jurisdiction over Wife. In fact, Wife argued the trial court *had* jurisdiction to

---

[2] All rule references are to the Missouri Supreme Court Rules (2023) unless otherwise stated.

modify the judgment and she sought changes to the original judgment's custody scheme and to terminate her child support obligation. The court denied the motion on December 16, 2022.

Around a year later, in November 2023, Wife filed her motion to set aside the default judgment as void ab initio due to faulty service. At the hearing, B.M. testified that she spent time at the address listed on the service return, but that she did not reside at that home. Wife confirmed that B.M. did not reside there. Employee testified he had no memory of the service but that he routinely confirmed that the recipient resided at the residence before effectuating service. Husband stated he asked for a special process server because Wife was regularly absent for weeks or months at a time. The trial court denied Wife's motion and this appeal follows.

<u>Standard of Review</u>

Though Wife's motion failed to cite to any rule as authority to set aside the judgment as void, we conclude that the only rule applicable to her motion is Rule 74.06(b). "A trial court's adjudication of a Rule 74.06(b) motion 'is in the nature of an independent proceeding and is appealable.'" *Smith v. Smith*, 524 S.W.3d 95, 99 (Mo. App. E.D. 2017) (quoting *Bate v. Greenwich Ins. Co.*, 464 S.W.3d 515, 517 (Mo. banc 2015). "Generally, the trial court's ruling on such a Rule 74.06(b) motion is reviewed for abuse of discretion." *Id*. "However, we review *de novo* whether a judgment should be vacated because it is void." *Id*. (citation omitted).

<u>Discussion</u>

While proper service of process is imperative to obtain personal jurisdiction over a defendant, there are situations where a defendant may be estopped from challenging a judgment rendered after arguably defective service. This case, in which Wife recognized the authority of the court and the validity of the default judgment entered against her, is one of those instances.

3

"[A]bsent a general appearance or waiver of process by the defendant, there must be service of process on defendant in some mode authorized by law or the court cannot proceed[.]" *Kerr v. Kerr*, 519 S.W.2d 303, 305 (Mo. App. 1975). "[T]he service of such process is always a prerequisite to jurisdiction over either the person or property of a defendant." *Id*. But, "the parties to a void judgment may be estopped from challenging the validity of a judgment under certain circumstances." *Smith*, 524 S.W.3d at 100. "Indeed, a party may estop himself or herself from challenging the validity of the judgment by taking voluntary acts that expressly or impliedly recognize the validity of the judgment." *Id*.

The foregoing authority prescribes the result here. Simply put, after embracing a judgment and seeking additional relief under it, one may not then attack its validity. *Smith,* 524 S.W.3d at 100.

We affirm.

_____
James M. Dowd, Presiding Judge

Angela T. Quigless, J., and
Cristian M. Stevens, J., concur.

4