

# Missouri Court of Appeals
## Southern District

In Division

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | No. SD38325 |
| | ) | |
| v. | ) | **Filed: February 21, 2025** |
| | ) | |
| JORDAN K. WOODS | ) | |
| | ) | |
| Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable James R. Carrier, Judge

## <u>**AFFIRMED**</u>

After a bench trial, Jordan K. Woods was convicted of the Class D felony of stealing. In his sole point on appeal, Woods challenges that the trial court's award of restitution was an abuse of discretion because it was based on conflicting evidence, and because there was insufficient evidence as to the total restitution amount. We find no merit to Woods' claim, and affirm the trial court's imposition of restitution.

### Facts and Procedural History

Woods was charged by information with the class D felony of stealing at least $750. Woods waived his right to a jury trial and a bench trial was held on August 17, 2023. The evidence at trial demonstrated Woods stole nearly 6 million rivets, worth

approximately three cents per rivet, and with a total value of nearly $200,000. Woods then sold the rivets for scrap, yielding over $9,000. Woods presented no evidence and the trial court found Woods guilty as charged.

Woods received and reviewed a copy of the Sentencing Assessment Report ("SAR") before the sentencing hearing, which stated Woods "was responsible for the missing [] rivets valued at approximately $220,671." Woods indicated the only "correction" to the SAR related to a charge against him that had since been dismissed.

During sentencing, the prosecutor stated Woods stole $220,671 worth of products, but Victim's losses were reduced to $85,202.31 due to settlements with its insurer and client. Defense counsel stated Woods was "very willing to take on all the conditions of probation suggested by the prosecutor," and emphasized Woods' gainful employment. Defense counsel also noted restitution "would be a burden . . . but [that Woods was] willing to do that and he [knew] that it mean[t] he[] ha[d] to work extra hours . . . to generate that extra income."

The trial court sentenced Woods to seven years' imprisonment, with execution suspended pending five years' probation, and continuing probation until $85,202.31 in restitution was paid in full. Woods did not object to the award of restitution, or to the amount. This appeal followed.

In one point on appeal, Woods argues the trial court abused its discretion in ordering him to pay $85,202.31 in restitution because "the [S]tate's conflicting evidence failed to establish the entire restitution amount was 'due to' the stealing and failed to elicit evidence sufficiently quantifying how such amount was arrived at."

2

**Standard of Review**

Defense counsel did not object to the now challenged restitution, and we may accordingly review for plain error only. *See* **State v. Pierce**, 548 S.W.3d 900, 904 (Mo. banc 2018). "Rule 30.20 is the exclusive means by which an appellant can seek review of any unpreserved claim of error, and said claim . . . is evaluated by this Court's plain error framework without exception." **State v. Brandolese**, 601 S.W.3d 519, 530 (Mo. banc 2020) (emphasis omitted). While we have discretion to review "plain errors affecting substantial rights," not every claim of plain error is entitled to review and the rule is to be used sparingly. *Id.* at 526. Plain error review is a two-step process:

> The first step requires a determination of whether the claim of error facially establishes substantial grounds for believing that manifest injustice or miscarriage of justice has resulted. All prejudicial error, however, is not plain error, and plain errors are those which are evident, obvious, and clear. If plain error is found, the court then must proceed to the second step and determine whether the claimed error resulted in manifest injustice or a miscarriage of justice.

**State v. Minor**, 648 S.W.3d 721, 731 (Mo. banc 2022) (quoting **Grado v. State**, 559 S.W.3d 888, 899-900 (Mo. banc 2018)). "[T]he defendant bears the burden of demonstrating manifest injustice entitling him to plain error review." **Brandolese**, 601 S.W.3d at 526 (internal quotation and citation omitted). To be entitled to relief, "the appellant must show 'the error was outcome determinative.'" **State v. Wood**, 580 S.W.3d 566, 579 (Mo. banc 2019) (quoting **State v. Baxter**, 204 S.W.3d 650, 652 (Mo. banc 2006)).

**Analysis**

Woods argues the trial court abused its discretion in ordering him to pay $85,202.31 in restitution because "the [S]tate's conflicting evidence failed to establish the

entire restitution amount was 'due to' the stealing," and the State "failed to elicit evidence sufficiently quantifying how such amount was arrived at." However, as noted above, we may review for plain error only.

The first portion of Woods' argument is without merit. The trial court is at liberty to resolve conflicting evidence in favor of the State, and—to the extent of any evidentiary inconsistency—it did so. *See State v. English*, 694 S.W.3d 147, 156 (Mo. App. S.D. 2024) ("It is for the fact finder to resolve conflicting evidence and determine the credibility and weight of testimony[.]").

As to the second portion of Woods' argument, the trial court had authority to order Woods to "make restitution to the victim for the victim's losses due to [Woods'] offense." § 559.105.1.[1] The credited evidence at trial was that Woods stole nearly $200,000 worth of rivets from Victim. Woods points to no authority that he was otherwise entitled to a set-off for the amount of insurance paid to Victim or loss negotiated down with Victim's client. *See State v. Brown*, 406 S.W.3d 460, 463 (Mo. App. W.D. 2013) (noting it is an appellant's burden to demonstrate that the challenged trial court action was unsustainable on any basis supported by the record, and that an appellant's failure in this respect is "fatal to an appeal"). And we find none. The trial court was at liberty (and within its authority and discretion) to order restitution for the full amount of loss supported by the evidence. *See* § 559.105.1. Instead, it chose to order Woods to pay a lesser amount. As Woods concedes in his brief, "$85,202.31 is certainly a lower amount than" approximately $200,000.

---

[1] All statutory citations are to RSMo (2016).

**Conclusion**

Woods' claim of error does not facially establish substantial grounds for believing that a manifest injustice or a miscarriage of justice has resulted.  See *Minor*, 648 S.W.3d at 731.  We decline plain-error review and affirm the judgment of the trial court.

MARY W. SHEFFIELD, J. – OPINION AUTHOR

JACK A. L. GOODMAN, J. – CONCURS

MATTHEW P. HAMNER, J. – CONCURS